## Euphrosin Hotard *v.* Mary C. Hotard, his Wife.

12  145
52 1879

The interdiction of the wife for the cause of insanity, is no ground for a decree of separation of property against her in favor of the husband.

The community can be dissolved by the husband, only by the effects of the dissolution of the marriage bond, or a separation *a mensa et thoro*, of which a dissolution of the community is thelogical sequence.

APPEAL from the District Court of Terrebonne, *Cole*, J.

*Connelly & Righter*, for plaintiff and appellant.   *Goode & Aycock*, for defendant.

Spofford, J.   The plaintiff sued to procure the interdiction of his wife for the cause of insanity, and also prayed for a decree of separation of property against her.

The former prayer was granted and the latter rejected; the husband has appealed, and urges in this court that the separation of property should be awarded. .

His argument is, that the law of community is predicated upon the theory that matrimonial gains are the result of the reciprocal industry and thrift of husband and wife ; that, therefore, when the wife ceases to contribute anything to the community in the way of labor, care or counsel, and becomes a helpless burden to the business partnership, the partnership should cease and the husband be entitled to a separation of property.

Marriage is a contract for life, and, in this State, it superinduces of right a partnership of acquets and gains in the absence of a contrary stipulation at the date of the marriage.   This community is only dissolved consequentially by a dissolution of the marriage, or a separation of bed and board, and directly by a separation of property judicially pronounced.   The causes for which a divorce *a vinculo*, a separation from bed and board and a separation of property may be demanded, are specially defined by law.   An interdiction for insanity, although authorized at the suit of either spouse by Article 383 of the Civil Code, has not been named by the law giver as one of these causes.   It is out of our power to add it to the category.

This is not the proper forum in which to assail the wisdom of rules of property laid down by the Legislature, or to seek an amendment of them, by softening their rigor or creating exceptions, which the law itself has not recognized.

It may be true, that among the rude and hardy tribes of German origin who introduced the custom of the matrimonial community of gains into Gaul, whence it has been transmitted to us, the wife was the equal partner of her husband's toil.   If, in the change of manners which a higher civilization has produced, this prime reason of the community law has ceased to exist, yet the institution remains.   With us it is a positive provision of law, a rule of property, and must be enforced without reference to the theory upon which it was founded.   The hardship of a particular case cannot exempt it from a rule which the law giver has made universal.   The law concerns itself only with general principles and results ; it takes no heed of individual cases.   If the courts could, at their discretion or caprice, take cases out of universal rules to avoid a hardship, there would soon be no rules and, consequently, no law.

Every marriage superinduces the community, of right. That is the general rule. The community can be dissolved at the instance of the husband, only by the effects of a dissolution of the marriage bond, or of a separation *a mensa et thoro*, of which a dissolution of the community is the logical sequence. The law has allowed the wife in a limited class of cases, to sue her husband for a separation of property *during marriage and without disturbing the marriage.* C. C., Art. 2399 *et seq.* It has nowhere accorded to the husband a like exemption from the general law. The District Judge was, therefore, right in declining to make a law which would authorize the plaintiff in this case to demand a separation of property against his wife, because she has fallen into madness.

*MM. Rodière* and *Pont* have remarked, that all the authors are agreed that the husband cannot sue the wife for a separation of property, that being a privilege conceded only to the wife against her husband. 2 Contrat de Mariage, No. 806 *in notis.* La femme peut seule demander la séparation de biens. 13 Toullier, No. 37. See also 5 Marcadé, Article 1443 C. N.; Pothier, Traité de la Communauté, No. 513.

The faculty to demand this separation is accorded to the wife only when the disorder of her husband's affairs puts her present or eventual rights of property in peril.

And the reason why a similar faculty is not granted to the husband is, that he is head and master of the community; and it is out of the power of the wife to put his rights of property in peril.

It is, therefore, ordered and decreed, that the judgment appealed from be affirmed, with costs.