Cutler vs Succession of Collins.

## No. 9258.

### A. S. CUTLER VS. SUCCESSSON OF G. W. COLLINS.

Article 2281 of the R. C. C. making parties interested competent witnesses in their own behalf, leaves to the court the appreciation of their testimony, as much as it does that of disinterested witnesses.

The testimony of a plaintiff, in his own favor, to establish a large claim against a succession, should be received with the greatest caution. It is, in itself, of the weakest character and unless strongly corroborated, cannot serve as a basis for a judgment of recovery. Under art. 2282. R. C. C., the circumstance of his being a party may diminish the extent of his credibility.

| 37 | 95 |
|----|----|
| 44 | 10 |

| 37 | 95 |
|----|------|
| 49 | 508 |
| 49 | 1631 |

| 37 | 95 |
|-----|-----|
| 105 | 710 |

| 37 | 95 |
|-----|-----|
| 117 | 343 |

| 37 | 95 |
|------|-----|
| f118 | 428 |

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*Breaux & Hall* for Plaintiff and Appellee. .

*W. S. Benedict* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This suit is brought to recover $2026 25, from a succession, as a balance due on accounts running from January 22, 1879, to June 12, 1883, as per *exhibits* attached to the petition.

The defenses are the general issue and the plea of prescription.

From an adverse judgment, the succession representative appeals.

The evidence on which the lower court based the judgment consists of the testimony of the plaintiff adduced to show the labor performed, the money advanced, the paper discounted and the numerous items of the several accounts.

The defendant has sought, by different ways, to impeach this testimony. The defense specially insists that the evidence is insufficient and that more than $940 of the claim is barred by prescription.

It is urged that Article 2277, R. C. C., requires that a claim exceeding $500 be proved by two witnesses, or at least by one credible witness and corroborating in circumstances.

This article was article 2257 of the Code of 1825. The witnesses were to be disinterested and qualified witnesses.

The Act of 1868, now article 2281 of the R. C., which has allowed the testimony of interested parties and of persons closely related to them, requires a more stringent application of the exigencies of the law, touching the sufficiency of the evidence adduced by such parties, where the claim is sought to be established by the testimony of the plaintiff himself and against a succession.

It is true that precedents are to the effect that the article just mentioned does not apply to accounts the aggregate items of which exceed

$500, when each separate *item* thereon is less than that sum. 19 Ann. 71; 23 Ann. 785; 28 Ann. 144. But it by no means follows that the testimony of a plaintiff against a succession, in a case like the present one, in which more than $2000 is claimed, corroborated only by extracts which he says were made from his books, which were not made evidence at all, not even by himself, must be deemed sufficient to justify a judgment in his favor. It is in itself weak in nature and such as might be considered and weighed with great caution.

The legislature of 1868 only makes parties interested competent witnesses in their own behalf, leaving the appreciation of their testimony in point of sufficiency and credibility, to the court whose action is asked.

This is a suit by an employee against his deceased employer, by one in the habit of borrowing money from his alleged debtor, who is shown to have been a man of means, an agent representing large interests, a man fair, honest, prompt, systematic and correct in his business transactions; by one who had that employer's confidence, who, during his last illness, had the key of his office and, therefore, access to the contents and who, since the death, has stated different amounts, from $200 and upwards, to be due him by the deceased.

The evidence shows that the plaintiff once stated, during the lifetime of Collins, that the latter was considerably indebted unto him, but that when this statement was communicated to the latter, he expressed astonishment and surprise. It shows also that Cutler stated the amount to be two thousand dollars, but this statement is not shown to have been made in presence of Collins. It is nothing, but the recurring of plaintiff's own testimony.

Those circumstances, though not sufficient to outweigh the testimony of plaintiff, so as to warrant a judgment in favor of the succession, are surely not corroborating circumstances. They are such as will justify a court of justice in abstaining from recognizing and enforcing his claim.

It is not because a plaintiff swears affirmatively to the existence of a debt in his favor that the court is bound to take his testimony as conclusive. Surrounding circumstances and the absence of corroborating proof, may weaken it, (particularly in a suit against a dead man), so as to render it insufficient for a foundation for a judgment of recovery. See Manning's unreported cases, p. 98.

The Code itself provides that the circumstance of a witness *being a party* to the cause, though not a sufficient cause to consider him as in-

competent, may, according to circumstances, *diminish* the extent of his credibility. R. C. C., 2282.

The testimony in this case being that of the plaintiff, against a dead man, is of the weakest kind and is not entitled to sufficient weight to warrant a judgment for the plaintiff. To prevail, it should have been strengthened by strong, or at least reasonable, additional independent proof.

The reason for which the law attaches little weight to such testimony is, not only the interest of the party in the cause, but also that his statement cannot be contradicted by the dead man, or the witness convicted of perjury on the evidence of the deceased. It was thus viewed in cases in which the law required one credible witness and corroborating proof, in cases in which more than $500 was claimed, but there is no reason why it should not be likewise viewed since the change in the legislation. 7 R. 112; 6 Ann. 763; 8 Ann. 278-9; 9 Ann. 495; 10 Ann. 279; 16 Ann. 168; 14 Ann. 275; 19 Ann. 495, etc.; Manning's unreported cases, 98.

The defense of prescription appears to be without merit, but cannot be passed upon. 2 Ann. 780; 14 Ann 700.

It is, therefore, ordered and decreed that the judgment appealed from be reversed, and it is now ordered and decreed that there be judgment against plaintiff as in case of *non-suit*, at his cost in both courts.

Fenner J. dissents.

Rehearing refused.

### DISSENTING OPINION.

FENNER, J. There may be error in the judgment appealed from, but I find no ground in this record for so declaring.

Nothing is involved but a question of fact. It is the proof of an account against the succession of a dead man by the sole testimony of the party claiming. No item of the account exceeds five hundred dollars, and, therefore, under established jurisprudence, art. 2277 C. C, has no application. Stribling vs. Stewart, 19 Ann. 71 ; Rossignol vs. Friche, 28 Ann. 144 ; Andrew vs. Keenan, 14 Ann. 705. Even if it applied, there are not wanting various corroborating circumstances to support the testimony, notably the facts that the account was regularly kept, that the claim had been mentioned to several parties during the lifetime of the deceased, that a highly respectable witness for the defendant testifies that the claim had been mentioned to him, and that he had told the deceased defendant of it, and that the latter, while expressing

surprise that plaintiff should have spoken of it, did not say whether he owed the debt or not. There is no opposing testimony, except of a merely inferential and presumptive character.

There exists no legal bar to the sufficiency of the evidence, and if the district judge believed the plaintiff, it was his duty to give him judgment.

He did believe him and gave judgment accordingly.

He saw and heard him testify and had the advantage of all those direct personal impressions which influence our opinion as to the truthfulness of testimony. He was, in every way, better qualified to judge of the credibility of the witness, than we can possibly be, and I consider it a rash exercise of our appellate power to reverse his conclusion.

Had we followed the same rule of decision which guided us in the case of Smith vs. Braun, decided this day, I think the judgment would have been affirmed.

There the proof of the cause of action rested on the sole testimony of one party, which was directly and positively contradicted by the other party. The case was one of breach of promise of marriage, certainly opening a much more dangerous door to fraud, than the mere proof of money claims against deceased persons. In every point of view, the difficulty of affirming the judgment was greater than in this case. And yet, the question being one of the credibility of witnesses, we felt compelled to affirm the judgment, because we could not say there was *manifest error*.

The same reasons which induced me to concur in that case, compel me to dissent in this.