(41 South. 640.)

No. 15,930.

PELLETIER v. STATE NAT. BANK.

(June 4, 1906. Rehearing Denied June 27, 1906.)

1. EXECUTION—THIRD OPPOSITION—DEFENSES BY CREDITOR.

Where a wife files a third opposition claiming the ownership of certain property which had been seized under a fi. fa. by a judgment creditor of her husband, together with damages for the seizure, and seeking an injunction against a sale under the writ, the seizing creditor has a legal interest in defending the legality of his own proceedings and resisting the claims of the wife by means of any legal defense, and evidence to which such a condition of things may give rise. He is not confined to any particular line of defense.

2. SAME—DATION EN PAIEMENT.

Where the claim of the wife to the ownership of the property seized is based upon a transfer of the same to the wife under a dation en paiement of an alleged claim due to the wife, the seizing creditor has the right to contest such claim of ownership on the ground of the nonexistence of the debt to the amount declared, or of its entire nonexisence, and on the ground that the value of the property given in payment did not bear a just proportion to the amount of the wife's claim. Colvin v. Johnston, 29 South. 274, 104 La. 655; Freiburg v. Langfelder, 15 South. 677, 46 La. Ann. 1418; Hyman v. Schlenker, 10 South. 623, 44 La. Ann. 108.

3. SAME—INSOLVENCY OF HUSBAND.

The right of the husband to make a transfer of property to his wife through a dation en paiement is an exceptional right, and can be exercised only under the circumstances and conditions fixed by the law. Unless so exercised no title passes to the wife. For resistance to the wife's demand under such circumstances it is not necessary that the seizing creditor make and prove all the allegations called for by a revocatory action. It is not necessary that it should be alleged and shown that the husband was insolvent at the time of the dation en paiement. The fact that though he was perfectly solvent the wife and husband colluded together to withdraw all the property of the husband from the payment of the husband's debts, when it was legally applicable thereto, may be (and is in this case), the ground of resistance of the wife's pretentions.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 337–346, 510.]

4. SAME—DAMAGES FOR WRONGFUL SEIZURE.

When the claims of the wife to the ownership of the property fell, the demand for damages for its seizure fell also.

5. SAME.

A wife has the legal right to pay the debts of the husband should she so desire. A payment made by her of a debt of her husband to prevent the sale of certain property under the erroneous belief that it belonged to her, will not justify her in recovering it from the person to whom the payment was made, when the effect of the payment was to cause the seizure of the property to fall and the writ of the seizing creditor to be returned. Civ. Code, art. 2310.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Payment, §§ 253–266.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by James B. Pelletier against the State National Bank. Judgment for defendant on a reconventional demand against plaintiff. On the issuance of a fi. fa. against plaintiff, his wife filed a petition of intervention and third opposition. Judgment for

defendant against the third opponent, and she appeals. Affirmed.

See 38 South. 132, 114 La. 174.

E. A. O'Sullivan, for appellant Mrs. L. Pelletier. William Stirling Parkerson, for appellee State Nat. Bank. Dinkelspiel, Hart & Davey, for appellee H. B. McMurray, civil sheriff of the parish of Orleans.

### Statement of the Case.

NICHOLLS, J. James B. Pelletier sued the State National Bank upon certain bank notes. The bank resisted the claim and set up a reconventional demand. The plaintiff obtained judgment in the district court which was eventually annulled and set aside, and judgment rendered in favor of the bank on the reconventional demand. That judgment became final on February 27, 1905.

On February 28, 1905, the civil sheriff acting under a writ of fi. fa. which, issued in the case, seized the contents of a certain store consisting of furniture, antiques, bric-a-brac, etc.

Prior to that seizure, Pelletier had, on the 10th of January, 1905, by act before Seymour, made a transfer of the contents of the store to his wife by way of a dation en paiement of an indebtedness of $2,000, declared in the act to be due to the wife by the husband. On the 14th of January, 1905, the wife instituted and appointed her husband her agent, and from that time he had the active control of the store.

There was no community of acquets and gains between the spouses. They were separated in property by their marriage contract.

On March 4, 1905, Mrs. Pelletier filed a petition of intervention and third opposition in the case, claiming ownership of the property seized, in which she prayed for an injunction to restrain the sheriff from selling it.

The judge to whom the petition was presented fixed the amount of the injunction bond which she should furnish at $3,000.

The amount for which the fi. fa. issued was $1,737.

Third opponent not being able to furnish the bond, she paid into the hands of the sheriff, under protest, the amount called for by the writ, declaring in the act tendering the money that she reserved all her rights against the sheriff and the seizing creditor for the illegal seizure of the property, and for all damages resulting therefrom; that the amount so tendered was not in payment, but in order to prevent an irreparable injury to herself and without waiving any of her rights in the premises.

On March 8, 1905, third opponent, with leave of court filed an amended and supplemental petition in which she recited her inability to give the bond which she declared excessive, and which she had unsuccessfully sought to have had diminished and her reasons for paying the amount demanded, though not due by her. She reiterated all the facts and allegations of her original petition, and averring further that the bank and sheriff had acted most illegally and oppressively; that although the facts which she had sworn to and the excessive amount which had been required by the judge had been called to their notice, still persisted in dispossessing her of her property, she declared that in addition to the amount of damages originally claimed by her she was entitled to a return of the money so received by the sheriff, and to an increase of the damages to the sum of $5,000. She prayed accordingly.

On the 20th of March, 1905, the bank, by leave of court, filed a supplemental and amended answer in which it averred that the pretended transfer by the husband of his stock and business to his wife was a fraud perpetrated to prevent the seizure by it of said stock and business in execution of its judgment; that the value of the property so attempted to be transferred was greatly in excess of the pretended claim of his wife; that she had not availed herself of her legal

remedies; it prayed that the third opposition be rejected and for all and general and special relief, as the nature of the case required and law and equity could grant.

On issue so joined the case was taken up for trial on November 2, 1905, and evidence adduced. The testimony being closed, the case was continued for argument for November 13, 1905.

On November 6, 1905, the bank with leave of the court, filed an amended and supplemental answer, in which it averred that at the time of the alleged transfer of the property by petitioner to his wife it was an entire transfer of all his property, and that he had nothing else out of which it could make its judgment; that he was insolvent to the knowledge of his wife, and the transfer was made to defraud the bank and prevent it from executing its judgment.

When the case was called for argument, third opponent filed an opposition to this supplemental and amended answer and giving her grounds for opposing it. The court declared the proceeding to be good and according to law.

The district court rendered judgment, adjudging and decreeing that there be judgment in favor of the State National Bank and the civil sheriff, and against the third opponent Mrs. Pelletier, dismissing the suit so far as the injunction and the demand for $1,737 with interest was concerned.

It further ordered, adjudged and decreed that the claim for damages in the supplemental petition for $3,000 be dismissed, and that the demand for $3,000 claimed in the original petition be dismissed as in case of nonsuit.

Third opponent moved for a new trial on the grounds:

First. That it was incumbent on the seizing creditor to allege and prove the insolvency of the vendor.

Second. That the seizing creditor cannot escape the proofs necessary in a direct, revocatory action by seizing the property transferred.

Third. That the court erred in decreeing that the bank had no interest and was no party to the suit by reason of third opponents having paid the judgment.

Fourth. That the payment of the judgment by third opponent under protest duly made, is as if, as far as its effect is concerned, no payment had been made.

The court refused the application, and Mrs. Pelletier has appealed.

In the brief filed in behalf of the third opponent, counsel referring to a question propounded to the witness Jackson, said:

"He was asked as to the value of the contents of the store transferred by J. P. Pelletier; then counsel for third opponent objected to any testimony to show value in excess of the price mentioned, on the ground:

"That the plaintiff in intervention, having proved that she had paid at least not less than $400, that the defendant in intervention, the State National Bank has no interest in the cause one way or the other, on the following grounds, to wit:

"That no fraud is alleged in his answers, there is no insolvency alleged on J. B. Pelletier."

"That, in order to recover in the revocatory action, it is absolutely necessary and a condition precedent that the party who sold the property, the sale of which you attempt now to annul, must be proved by his creditor to be insolvent, at the time the sale was made; otherwise the creditor has no standing in court."

The court overruled the objection on the ground that there was not a revocatory action; that:

"Mr. Pelletier is no party to this suit at all.

"The suit is entirely between Mrs. Pelletier, the third opponent, and the State National Bank, and the bank is without interest in asking that the sale by Mr. Pelletier to Mrs. Pelletier be set aside. It has received the amount due it by Pelletier. There is no action whatever presented by the State National Bank against Mrs. Pelletier, revocatory or otherwise. It is simply a defense to a suit by Mrs. Pelletier."

A bill of exception was taken to the ruling.

Counsel argued to the same effect before this court.

## Opinion.

When Mrs. Pelletier, by third opposition, came into the proceedings which had been inaugurated by the bank in execution of its judgment against her husband, claiming for herself the ownership of the property which had been seized, and opposing the sale of the same with damages for its seizure simultaneously demanding an injunction, the bank had clearly a "legal interest" in defending the legality of its own action and in resisting the attack made upon it by the wife. It was not limited to any particular line of defense. Any defense which the nature of the case legally gave rise to was open to it.

If the property seized really belonged to its judgment debtor Pelletier, and if the title advanced by the wife had no legal existence, the bank was entitled to show it by any evidence legally admissible in support of those positions. Counsel of third opponent errs in the position which he takes that a dation en paiement made by a husband to his wife can successfully resist an attack, unless the dation be attacked upon the same allegations and the same evidence as would be necessary in order to maintain a revocatory action, and that in order to succeed the party attacking must allege and show that the husband was insolvent at the time of the transfer.

Our courts have to some extent protected against successful attack a transfer of property made by a husband to his wife in payment of paraphernal claims which are held against him. For instance, the mere preference and protection given thereby to the wife over other creditors of the husband, in case of his insolvency, cannot be urged, but this exemption from criticism falls far short of what counsel is here contending for. The creditors of the husband are expressly granted by article 2434 of the Civil Code the right to "object to the separation of property decreed between husband and wife and even executed with a view to defraud them."

They may even become parties to the suit for separation of property and be heard against it. That article does not pretend to disclose what the character of the fraud is from which the creditors have a right to protection. Evidently it is not fraud arising from the mere fact itself of insolvency, for that is the very condition of affairs which the law contemplates should give rise to action on the part of the wife adversely to her husband and his creditors. Civ. Code, art. 2425. So far from the bad condition of the husband's affairs giving rise to complaint by the creditor, an attempt of a wife to obtain a separation and transfer of property when her husband's affairs are prosperous, in order to gain an advantage over his creditors by withdrawing from them property legally applicable and more than sufficient to pay, not only the wife but all the creditors, would furnish one of the grounds for complaint. The right of the husband to make a sale or dation en paiement to his wife is an exceptional right which is to be exercised only when and to the extent which the law allows this to be done. If a wife, who, with a claim of $500 should have had transferred to her by her husband property to the value of $25,000, she should scarcely expect that the objection urged to that transfer by his creditors should be that he was insolvent at that time. On the contrary, the objection would be exactly the reverse of this; it would be that the husband having property amply sufficient to satisfy, not only the claims of his wife, but all other claims against him, he and his wife had colluded together to withdraw the whole of his property from application to the claims of creditors by improperly, and without just cause, placing the legal title thereto in his wife, and that is precisely the complaint made here.

It is shown beyond question that the property transferred by Pelletier to his wife (assuming she had a legal claim of two thou-

sand dollars) was much more than sufficient to pay both her and the bank; that the property so transferred was the only property held in Louisiana by the husband. The purpose of the transfer was clearly shown to withdraw it from legal pursuit by placing it under cover of the wife's name. The claim of $2,000 of the wife against her husband rests upon her own testimony exclusively; it is not only not corroborated by other testimony as required by article 2277 of the Civil Code (Cutler v. Collins, 37 La. Ann. 95, Citizens' Bank v. Maureau, 37 La. Ann. 863), but it is weakened by testimony in the record. In the act of dation the husband acknowledges himself indebted to his wife in the full sum of $2,000, which total sum of money he has made use of in his private affairs and business; said sum being her separate funds acquired prior to her marriage. Hyman v. Schlenker, 44 La. Ann. 108, 10 South. 623. The marriage contract is in the record. It makes no mention of any property being then owned by the wife. On the trial the wife testified to having given to her husband at one time $400, and at another $600. The first amount, she testified, consisted of paper money owned by her prior to her marriage which she had kept in her armoire until she turned the same over to her husband. The origin of the $600 she does not give; she testifies to having earned some money during her marriage giving piano lessons, but from her own account the amount was trifling. According to her, the full benefit of her testimony she has turned over $1,000 at the utmost, to her husband, while it is shown by her husband's testimony that between $1,000 and $1,800 of the contents of the store were sold between the date of the dation en paiement and the bank's seizure. A list of the things transferred to his wife is shown to have been attached to the act of dation, but it was not produced at the trial, and the wife testified that she did not think the value of those articles was given in it. Being asked whether she was satisfied with her purchase, she answered, "yes." Being further asked "whether it was excessive in her estimation," she answered:

"Well, I thought it was; well, yes, sir."

The following questions and answers followed:

"Q. Do you think it was much above $2,000 or much below $2,000?
"A. I can't tell you; I couldn't very well, but I knew I had my money's worth.
"Q. Much more than your money's worth?
"A. Well, I believe so, a little more.
"Q. How much more was it?
"A. I don't know. I can't tell you. I am not in the business."

The deputy sheriff who made the seizure testified that, after he did so, James B. Pelletier told him the contents of the store were then worth $12,000 to $15,000. This question and answer were objected to, on the ground that the statement was that of the husband, but the objection was overruled, because it was shown that the husband was her agent at the time. That is true, but it was not shown that the declaration or admission was made by reason of anything called for or required by the agency. We disregard that statement of the husband; his wife did not authorize him to make admissions binding her.

It was testified to by both husband and wife that there were a number of articles in the store, some of considerable value, belonging to other parties which did not pass to the wife. The things transferred were set out as we have said, in a detailed list which was declared in the act of dation to be annexed to it but which was not produced. The act declared that the things sold were given on that list; "the same being the entire contents of the store without reservation."

Under the evidence the claim of the wife was not established beyond $400 at the ut-

most, and the value of the articles transferred to her was much above any debt due to her. Under such circumstances the dation en paiement should not be permitted to stand. An essential to the validity of a dation en paiement to the wife in satisfaction of her paraphernal rights are "the just and honest claims of the wife," and the "just proportion of the value of the thing given to the amount of the wife's claim." Colvin v. Johnston, 104 La. 655, 29 South. 274; Freiburg v. Langfelder, 46 La. Ann. 1418, 15 South. 677; Hyman v. Schlenker, 44 La. Ann. 108, 10 South. 623.

The judgment of the district court setting aside the dation en paiement from James B. Pelletier to his wife was correct. With the setting aside of that dation and the rejection of the latter's claim of ownership to the property seized, the claims of the wife to damages and to a repetition of the amount paid by her to the sheriff fell. If her property was not seized, she was not in fact compelled by legal duress to pay the judgment of debt of her husband.

She had the legal right to pay her husband's debt if she thought proper. Assuming that she made the payment of her husband's debt in error, she cannot, when, as the result of that payment the bank has lost the benefit of its seizure, and had its writ returned, visit her error upon the bank. Article 2310, Civ. Code.

For the reasons assigned, the judgment appealed from is affirmed with costs.

PROVOSTY, J., concurs in the decree, not agreeing with the statement that the creditor of the husband has the right to interfere in the affairs of the husband without alleging insolvency.

MONROE, J. I concur in the view expressed by PROVOSTY, J.