PRO VO STY, J.
Plaintiff alleges that her divorced husband has wrongfully taken possession of an improved lot of ground belonging to her, and that he refuses to give same up to her, and she prays that he be ordered to do so. The lot in question is No. 21, fronting on Dryades street, in square bounded by Dryades, Jackson, Laurent, and Josephine streets in this .city.
Defendant denies that plaintiff is owner. He alleges that the property belongs to him; that it is true that he at one time executed a notarial act purporting to make a transfer of it to the plaintiff in payment of a debt said to be due her; but that this purported transfer was an absolute nullity by reason of the fact that she was then his wife and he was not indebted to her in any amount whatever.
The evidence clearly shows that the transfer was without consideration. Defendant positively so testifies, and plaintiff can hardly be said to deny it, when her testimony is read as a whole and analyzedt She does *1027 not pretend to have had, any paraphernal property except from gifts of money made to her by her father, and her father is shown to have lived and died without means. The learned trial judge found that the transfer had been made without consideration and decreed this lot to be the joint property of plaintiff and defendant, as having been acquired during the existence of their marriage.
The defendant, in his answer, sets up a number of reconventional demands, based upon matters entirely disconnected with plaintiff’s demand. On the trial plaintiff objected to any proof being allowed to be made of these demands on the ground that they were based upon matters disconnected with the main demand, and that both parties to the suit were residents of the parish of Orleans. This objection should have been sustained and the demands disregarded. The court, however, heard the evidence and maintained the demands and decreed a partition between the parties. The appeal is by plaintiff.
It is ordered, adjudged, and decreed that the judgment herein, read and signed June 26, 1911, be affirmed in so far as it decrees the joint ownership of said lot 21, but that it be in all other respects set aside, and that the reconventional demands of the defendant be rejected as in case of nonsuit, and, that defendant pay the costs of both courts.