SUCCESSION OF FRANKLIN ET AL.

(April 21, 1930. Opinion and Decree.)

H. W. Robinson, of New Orleans, attorney for H. J. Franklin, administrator, appellant.

Daly & Hamlin, of New Orleans, attorneys for Mrs. Emily Marr Franklin, appellee.

HIGGINS, J. This matter comes before the court on a rule filed by the administrator against the widow of the deceased by second marriage to show cause why she should not surrender to him certain property belonging to the succession, alleged to be in her possession, or pay the value thereof, and which property is described in the inventory as follows: Sugar, fruit jars, syrup, etc., aggregating in value $163.17; bedroom suite valued at $200; living room suite valued at $100; certain

other minor articles of furniture; two diamond rings and one diamond bar pin appraised at $275.

In the defendant's return to the rule she averred that the sugar, fruit jars, syrup, etc., were used in operating the deceased's business of manufacturing soft drinks for the period of September 17th through September 21st, 1929, and that the different items of furniture and jewelry were her separate property.

There was judgment in favor of the plaintiff in rule against the defendant in rule for the sum of $163.17, the inventory value of the sugar, fruit jars, syrup, etc., and there was judgment in favor of the defendant in rule decreeing the furniture and jewelry to be her separate property. Plaintiff in rule has appealed, and defendant in rule answered the appeal, asking that the rule be dismissed.

The record shows that the deceased had been married twice, first to Laura Myatt, who died intestate in the city of New Orleans, October 21, 1927, leaving as her sole and forced heir, issue of the marriage, a son, Louis B. Franklin, Jr.; that he was secondly married on June 2, 1928, to Emily Marr, who survived him, and that there was no issue born of the marriage; that the deceased, Louis B. Franklin, Sr., died intestate in the city of New Orleans on September 15, 1929, and that there was property belonging to the community of acquets and gains which existed between deceased and his first wife and also between deceased and his second wife.

The deceased was engaged in the manufacturing of soft drinks. Upon his death on September 15, 1929, his brother, plaintiff in rule, on September 17, 1929, filed an application to be appointed as administrator of the successions of the deceased and of his first wife, and on September 18, 1929, an inventory was taken. The sugar, fruit jars, syrup, etc., were inventoried and appraised at $163.17. The defendant in rule as widow took charge of the soft drink business and continued to manufacture and sell pop, etc., until September 21, 1929, and used these materials.

On the trial of the rule she was unable to produce these items, because they had been used and the manufactured products sold by her, which she testifies brought about $50 per day from September 17th through September 21, 1929. She further testified that she expended the sum of $343 for pay roll and other materials necessary to continue the operation of the business and certain hospital and doctor bills for the last illness of the deceased, as well as $2.50 per day for running the house; that the amount she received from the business would be about $262.50, and therefore she had expended more than she had received.

The judge a quo held that she was operating the business for her own account, and gave judgment against her for the inventory value of these articles or merchandise because she used them without any order of court.

In the case of Tujague vs. Courtiade, 140 La. 779, 73 So. 862, the court held:

"A surviving widow, who opens the bank box of the deceased and converts its contents to her own use, without notice to some of the forced heirs, and without an order of court and inventory, as required by law, places herself in the position of a 'spoliator,' and as such will be held to a strict accounting."

In the case of Durham vs. William, 32 La. Ann. 162, it was said:

"The wife's interest in the community is residuary—one half of what remains after its debts are paid."

See, also, Kelly vs. Kelly, 131 La. 1024, 60 So. 671; Bister vs. Menge, 21 La. Ann. 216.

In the case of Ervin vs. Shelby's Heirs, 146 La. 573, 83 So. 835, it was held:

"Where the wife, living under the regime of the community, dies, the property of the community devolves, in indivision, upon her surviving husband and her heirs; and he has no capacity to alienate the interest of such heirs save under the conditions prescribed by law."

The defendant in rule as surviving widow was without any legal right to operate the business as a going concern without proper order of court. She is therefore responsible for the value of the articles and merchandise used and sold, and the judgment against her for their value is correct.

However, it appears that she paid certain preferred claims resulting from the last illness of the deceased, and has claimed $2.50 a day for her maintenance under article 2422 of the Revised Civil Code. Whatever rights she may have by way of subrogation to the preferred claims which she paid is expressly reserved to her against the estate. Any right she may have for maintenance under article 2422 is also expressly reserved to her against the estate.

The judge of the lower court found that the evidence preponderated in favor of the defendant in rule, that the bedroom and living room suites and certain other minor articles of furniture were her separate property, being gifts in consideration of marriage. After a careful reading of the record, we are of the opinion that his finding is correct.

As to the two diamond rings and bar pin, the judge a quo was of the opinion that the evidence established that these were gifts made by the husband to his second wife before and after marriage, and that they were, therefore, her separate property. But, the evidence shows that this jewelry belonged to the community of acquets and gains existing between the deceased and his first wife, and therefore he had title only to an undivided one-half of it and the usufruct on the other undivided one-half thereof. Hence he could only legally dispose of his one-half thereof, and the remaining one-half interest which was vested in his deceased wife's estate or in his minor son could not be legally disposed of by the deceased.

The usufruct of jewelry by its very nature is a perfect usufruct, because the usufructuary can enjoy it without changing its substance. At the expiration of the usufruct it was the duty of the deceased to restore the jewelry, upon which he had the usufruct, to the owner. Rev. Civ. Code, arts. 533-535.

The usufruct of the deceased ended upon his marriage to his second wife on June 2, 1928. Article 916, Rev. Civ. Code.

We are of the opinion that one-half of the title to the bar pin and two diamond rings belongs to the succession of Mrs. Laura Hyatt Franklin, wife by first marriage of Louis B. Franklin, having belonged to the community of acquets and gains existing between them, and the other one-half of the title belongs to Mrs. Emily Marr Franklin, widow of the deceased, by second marriage, being her separate property as a result of gifts by the deceased before and after her marriage to him.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment

appealed from be and it is amended by reserving to Mrs. Emily Marr, widow by second marriage of Louis B. Franklin, defendant in rule, any and all of her rights of subrogation to any preferred claims which she may have paid on behalf of her deceased husband's estate, and also any right she may have for maintenance under article 2422 of the Revised Civil Code against his estate.

The judgment is further amended by decreeing that the two diamond rings and diamond bar pin belong to the succession of Laura Hyatt Franklin and Emily Marr Franklin in the proportion of an undivided one-half interest each, and, as thus amended, the judgment is affirmed; appellant to pay all costs.