## GLASSELL v. NEW YORK LIFE INS. CO. et al.

### No. 5598.

Court of Appeal of Louisiana. Second Circuit.

Jan. 28, 1938.

Rehearing Denied March 8, 1938.

Montgomery & Montgomery of New Orleans, and Jas. G. Cowles, of Shreveport, for appellant.

L. Percy Garrot and Herold, Cousin & Herold, all of Shreveport, for appellee.

HAMITER, Judge.

The Standard Gravel Company, Incorporated, was named beneficiary in a policy of insurance on plaintiff's life, issued at its request by defendant New York Life Insurance Company. The insurance was secured solely in the interest and for the protection of said beneficiary, of which plaintiff was an officer and a stockholder, and the premiums were to be paid by it.

Thereafter the beneficiary obtained a loan from the Exchange National Bank of Shreveport, La., and as part of the security thereon it executed an assignment of the policy to the lender.

During or about the year 1932, plaintiff was adjudicated a bankrupt, and in the bankruptcy proceedings he surrendered and lost all of his assets, including his stock in said Standard Gravel Company, Inc., and was discharged of his obligations and liabilities.

In November, 1936, plaintiff received a written notice of a policy premium being due

to the defendant, insurer. Thereupon he mailed his check in payment therefor, together with the notice, to said insurer. A short while thereafter the latter was informed by him that the premium was paid in error, and he demanded reimbursement. Upon refusal, this suit was filed.

After alleging in his petition certain facts which he asserts prompted the payment in error by him of the premium, and that he had no interest whatsoever in the policy, plaintiff prays for judgment against the insurer for the amount of the premium paid. He further prays that should it be decided that he is not entitled to judgment against the New York Life Insurance Company, that then there be judgment for said amount in his favor and against the Exchange National Bank of Shreveport, La., represented by its liquidators. These liquidators were made parties defendant and duly cited.

Exceptions of no cause and no right of action were tendered to the petition by the liquidators of the defendant Exchange National Bank. The exception of no right of action was sustained, and plaintiff's suit was dismissed insofar as said bank and liquidators were concerned.

Defendant New York Life Insurance Company also excepted to the petition as disclosing no cause and no right of action. These exceptions were overruled.

In its answer the insurer denies indebtedness to plaintiff, and prays for the dismissal of his suit. In the alternative, it asks judgment against the liquidators of the Exchange National Bank for the amount of the premium.

After trial, plaintiff was granted judgment against the insurer. The latter appealed.

The only interest that the insured ever had in the policy in question, if any, was as a stockholder and officer of the Standard Gravel Company, Inc. He assumed no personal responsibility for the payment of the premiums thereunder, and he paid none of them, except the one on which this suit is based. After his discharge in bankruptcy and the loss of his stock, he had no concern whatsoever with the beneficiary corporation, and he was under no civil or natural obligation to pay the premiums on its policy. Furthermore, the Exchange National Bank was no creditor of his.

The premium notice received by the insured in November of 1936 was not available for filing in evidence, as it was destroyed by the insurer some months after being returned to it with the remittance. However, it is the testimony of plaintiff that this notice recited an amount due of $302.50, the insured's name and address, the policy number, which was 10446947, and the due date of the premium, which was November 26, 1936; and that it contained nothing to clearly indicate to him that it pertained to the Standard Gravel Company, Incorporated's policy. A witness for the insured testifies that he believed the notice carried the name "Standard Gravel Company, Inc.," but we are convinced that such name was not thereon. If it had been, no doubt the premium receipt issued in connection with the payment, which is in the record, would have recited it.

There was another policy of insurance on plaintiff's life in existence at the time of the above-mentioned payment. It had been previously issued at his request, and his wife was the beneficiary named therein. The yearly premium thereunder, which was due in February, was approximately $350. Plaintiff testifies that he believed the notice which he received concerned this personal policy, and that, by reason of this belief, he paid the premium designated therein. He further testifies that upon learning of his mistake, he requested a return of his money but this was refused him. His request was made about the 15th of January, 1937.

We are satisfied that plaintiff paid the premium in error, as stated by him. Being without interest in the Standard Gravel Company, Incorporated,'s policy, and not having previously paid a premium thereunder, there was no reason for him to expect receipt of a premium notice with reference to it. The premium amounts of the two policies, and also their due dates, were somewhat similar. Of course, the number given on the notice was not the same as that on his personal policy; but it is difficult for anyone to remember, without particular effort, a number containing eight numerals. It is certain that plaintiff would not have paid the premium on the policy, with which he was not concerned, if the insurer had not sent the notice to him, or if the notice had given information sufficiently and clearly indicating the policy to which it referred. Ordinarily, one does not pay the debts of another unless he is benefited in some way by his so doing.

■ It is contended by the insurer that plaintiff cannot recover herein because it has suffered a loss by reason of the premium payment. Article 2310 of the Civil Code and the case of Pelletier v. State National Bank, 117 La. 335, 41 So. 640, are cited in support of this contention. In our opinion, no real loss has been experienced. Notice of the error was received by the insurer within two months after its occurrence, and at that time cancellation of the policy could have been effected. Of course, the insurance was continued in force during such period, but there was not a parting of interest or title or the suffering of a loss by the insurer within the meaning and intendment of the cited authorities. No liability has ever arisen under the contract.

■ Defense counsel argue that plaintiff comes under the doctrine announced in Metropolitan Life Insurance Company v. Mundy, La.App., 167 So. 894, that a person paying by mistake cannot recover the amount of payment where the mistake was caused entirely by his own carelessness or want of due diligence. We think that this principle of law is inapplicable in the instant case, for plaintiff's mistake was caused primarily by the insurer's wrongful sending of the notice to him. His act was that which any ordinarily prudent person might have performed under similar circumstances.

It is our opinion, and the trial court also thought, that this case is governed by the hereafter quoted provisions of the Civil Code, and that plaintiff is entitled to recover herein. These provisions are:

"2301. He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.

"2302. He who has paid through mistake, believing himself a debtor, may reclaim what he has paid.

"2303. To acquire this right, it is necessary that the thing paid be not due in any manner, either civilly or naturally. A natural obligation to pay will be sufficient to prevent the recovery.

"2304. A thing not due is that which is paid on the supposition of an obligation which did not exist, or from which a person has been released."

Also pertinent are the provisions of Article 18 of our Code of Practice.

■ Counsel for insurer state in their brief that in the event of judgment herein in favor of plaintiff, insurer should have judgment against the liquidators of the Exchange National Bank in the same amount. As before observed, plaintiff's suit as against the liquidators was dismissed by reason of the sustaining of their exception of no right of action. The insurer did not make them parties litigant and cite them under its pleading. Consequently, the relief requested must be denied.

We think that the rulings of the trial court on the exceptions of no cause and no right of action and on the merits are correct, and accordingly the judgment appealed from is affirmed, with costs.