58 So.2d 393

SONNIER v. FRIS.

No. 40073.

March 24, 1952.

Jacques Huval, Lafayette, for defendant-appellant.

Dugas, Bean & Bertrand, and James W. Bean, all of Lafayette, for plaintiff-appellee.

FOURNET, Chief Justice.

The defendant, Rene Eugene Fris, is appealing from a judgment of the district court decreeing the nullity of two certain authentic acts executed between him and his wife (the plaintiff) during their marriage—one in the form of a transfer and donation by the husband to the wife of his interest in certain immovable property acquired during the community, the other in the form of a disclaimer of interest by the wife in favor of the husband as to certain other immovable property likewise acquired during the community—and ordering that the said acts, Nos. 178592 and 178593 of the records of the office of the Clerk of Court for the Parish of Lafayette, be cancelled. In the lower court the defendant took the position that these were valid acts of transfer between himself and his wife to effect a final settlement and discharge between them under Article 2446 of the Revised Civil Code, and pleads estoppel on the part of each to deny the truth of this assertion.

It appears that the plaintiff and the defendant were married at Lafayette in 1941. In 1942 they purchased a house and lot in that city, and in 1944 they acquired nine lots with improvements thereon near the outskirts. The authentic acts here under attack had reference to these two parcels of real estate, and were executed on March 3, 1945, and duly recorded. One act contains the recitation that, it having been the intention of the parties at the time of the purchase that the house and lot should become the separate property of the wife, in order to carry out that purpose "the said Rene Eugene Fris, for a valuable consideration, hereby transfers, conveys and assigns his undivided one-half of said lot and im-

provements unto" his wife, and "hereby makes a donation and gift of whatever amount in cash he has previously paid." The other act is concerned with the nine lots and improvements thereon (a machine shop), and states that although this property was acquired after marriage it was purchased with the husband's separate paraphernal funds, wherefore the wife "declared that she has no claim whatever on the property" and "hereby gives a quit claim which is to be construed as a renunciation and abandonment" of any interest therein.

The parties resided together, except during certain periods of estrangement, until some time in 1946. In November of that year the defendant caused his wife to be cited to return to the matrimonial domicile, and subsequently brought suit in Mississippi (to which state the plaintiff had removed) for a decree of absolute divorce— which was granted on March 25, 1948. Prior to that time, no separation from bed and board or judicial separation of property had been adjudged. In January, 1949, the plaintiff instituted suit in Lafayette Parish for a partition of the community effects, which the defendant opposed on the ground that the plaintiff was estopped to claim any part of the community because of a final settlement as evidenced by the authentic acts. Although this plea of estoppel was overruled by the trial judge and the defendant ordered to file an accounting of all the community property, the court did not pass on the validity of the authentic acts,

and the instant suit was brought for the specific purpose of having them declared null and void on the ground that they fall within the prohibited transactions between husband and wife. In alternative allegations the plaintiff pleads coercion by the defendant in obtaining her signature, and fraudulent misrepresentations as to the value of the property. The record of the suit for partition of the community was made a part of the record in the instant case.

It is at once evident that the authentic acts here under attack were executed during the marriage between the plaintiff and the defendant. Because of that circumstance, the defendant's contention that their object was to effect a dissolution of the community is legally unsound, since, as such, they are nullities under the express provisions of Article 2427 of the Revised Civil Code, which stipulates that "The wife must petition for the separation of property, and it can only be ordered by a court of justice, after hearing all parties. * * * *Every voluntary separation of property is null, both as respects third persons and the husband and wife between themselves."* (Emphasis ours.) The privilege of bringing such an action is accorded to the wife alone, Hotard v. Hotard, 12 La. Ann. 145, and has been considered so inviolate that the courts have not permitted any circumvention, either by private agreement (expressly forbidden) or by a sale between the spouses, See Muse v. Yarborough, 11 La. 521. An analysis found in an early

case is aptly stated: "The object of the separation of property is two-fold: It provides for the present, by enabling the wife to recover her dowry, or other claims against her husband; and it provides for the future, by putting an end to the community, and thus securing to the wife her individual acquisitions, or gains thereafter, in whatever manner obtained." Davock v. Darcy, 6 Rob. 342, 344. In commenting further on the above Article 2427, this Court observed: "Considering this emphatic declaration of the Code, a notarial voluntary separation would, undoubtedly, be considered so radically null that it could be unceremoniously brushed aside whenever and wherever it was sought to be brought up against the wife." Driscoll v. Pierce, 115 La. 156, 163, 38 So. 949, 951.

It would appear from the recitations contained in the documents under attack that the parties were attempting, not so much to effect a separation of the community as such, but rather to vest, each in the other, the separate and undivided ownership of a specific parcel of community property, in the manner of a sale. Viewed in this light, the acts are likewise null, since interspousal sales are forbidden, Article 1790, Revised Civil Code, except in three cases: (1) after judicial separation, "in payment of his or her rights", (2) when the transfer made by the husband to the wife, though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated, and (3) when the wife makes a transfer to the husband in payment of a sum promised to him as a dowry. Article 2446, Revised Civil Code. These exceptions are similar to those contained in Article 1595 of the Code Napoleon, which has been construed to strike with nullity all other sales or transfers of property between the spouses and to vest in the spouses themselves (as well as in their heirs and creditors) the right to invoke the nullity of such transactions. Aubry et Rau, Droit Civil Francais, 5e ed. (1907, T. 5, pp. 37–42. Such is, also, the jurisprudence of this State. See Kelly v. Kelly, 131 La. 1024, On Rehearing, at page 1028, 60 So. 671. That the transfers sought to be accomplished by the acts here attacked cannot be classified under the exclusive exceptions listed in Article 2446 is abundantly clear, not only because of the status of the parties but because of the recitations in the deeds themselves.

The defendant's plea that the plaintiff is estopped to deny, as a fact, that the acts were entered into with the intention of effecting a division of the community property, has no place in this suit, since whatever is done in contravention of a prohibitory law is void, Article 12, Revised Civil Code, and estoppel by admission cannot be invoked to maintain a state of things created in violation of such law. See Kelly v. Kelly, 131 La. 1024, 60 So. 671, and cases therein cited.

Since the writing of this opinion, the attorney for the defendant has filed a brief here urging that by the actions of the plain-

tiff in exercising the prerogatives of ownership after the incapacity was removed—by accepting the revenues, paying the taxes, and claiming homestead exemption "on the share which she had acquired by the Acts of Partition, she has ratified and acquiesced in the settlement agreement and is legally bound thereby," since "one cannot reap the benefits of an agreement and at the same time attempt to repudiate it." He further contends that because of her actions, she is estopped to claim that she did not acquire title to the property by the Act.

■ The cases cited by the defendant in support of his position are inapposite from a factual standpoint and are therefore not controlling. A perusal of the record discloses that the rental collected was $7 a month, the amount necessary to pay the homestead; there is nothing therein to indicate that she intended to ratify, and the filing of this suit negates such intention. Needless to say, the plaintiff could not have given a merchantable title had she attempted to sell. While the record does not disclose exactly when the plaintiff, a resident of Mississippi for the past several years, became apprised of her rights, certainly a period of less than a year before bringing the suit for partition cannot be considered a ratification through silence and inaction on her part.

[6] Moreover, counsel's argument has no foundation, in that the acts of the wife on which he now relies are not the basis of his plea. Estoppels not being favored in law, the one invoking the doctrine must specifically allege the facts upon which the plea is based. Harvey v. Richard, 200 La. 97, 7 So.2d 674, and authorities cited therein.

Consideration of the alternative grounds on which the deeds are attacked is rendered unnecessary by the above conclusion.

For the reasons assigned, the judgment appealed from is affirmed.

HAWTHORNE, J., takes no part.