SAVOY, Judge.
This is a proceeding brought by Thomas V. Foster to set aside a dation en paiment made by him to his wife, now deceased, Amelia Smith Foster. Named as parties defendant are the legatees of Amelia Smith Foster.
From a judgment granting the plaintiff the relief sought and decreeing the dation en paiment to be null and void, the, defendants prosecute this appeal.
The record reveals that plaintiff was married to Amelia Smith on or about February 20, 1908.' During the marriage between the-' parties certain community property was accumulated. On October 15, 1932, while plaintiff was living with his wife, Amelia Smith Foster, plaintiff executed in favor of his said wife, a dation en paiment of certain properties described in the instant suit. The said dation en paiment recited that it was made in repayment of the sum of $4,500.00 which Amelia Smith Foster had contributed to the community out of her separate and paraphernal funds and for which amount the community was indebted unto her. Amelia Smith Foster departed this life testate on December 19, 1959. She left a last will and testament leaving all the property of which she died possessed' to certain collateral heirs who are defendants herein.
The record reveals further that one child' was born of the marriage between plaintiff and Amelia Smith Foster, but that said child predeceased her mother. The record also reveals that the plaintiff and his wife never adopted anyone during their respective lifetimes, nor were they ever adopted by anyone during'their respective lifetimes.
*524 After a hearing on the matter, the trial judge concluded that there was no showing made by defendants that Amelia Smith Foster ever acquired or owned any separate or paraphernal funds which she could have contributed to the community of acquets and gains heretofore existing between her and the said plaintiff.
Under the provisions of Article 1790 of the LSA-Civil Code, a husband and wife are specifically prohibited from contracting with each other except in the following instances provided in LSA-Civil Code Article 2446, namely:
“1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
“2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
“3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry.”
In the case of Miller v. Miller, 234 La. 883, 102 So.2d 52, the court stated:
“It has long been the jurisprudence of this state that dations between husband and wife are exceptional contracts and must comply with every provision of the law.” (Citations omitted.)
In Smith v. Smith, 239 La. 688, 119 So.2d 827, the court stated:
“It is well settled that dations between husband and wife, being a species of sale (Articles 2655-2659, Civil Code), are exceptional contracts and are absolutely null unless they come within one of the permissible categories. Pelletier v. State Nat. Bank, 117 La. 335, 41 So. 640; Kelly v. Kelly, 131 La. 1024, 60 So. 671; Miller v. Miller, 234 La. 883, 102 So.2d 52. Since contracts between spouses are specifically forbidden by Articles 1790 and 2446 of the Civil Code, save for the three purposes detailed in Article 2446, it follows that any husband and wife who attempt to contract in violation of those restrictions do so in fraudem legis. If parol evidence is admissible to show fraud practiced on one of the contracting parties, it would, a fortiori, appear that it should be received when the fraud has been perpetrated on the law itself. And so this court has held that parol evidence may be introduced to show that any obligation has been contracted in fraudem legis regardless of what form may have been given to the re-probated contract. Lazare v. Jacques, 15 La.Ann. 599; Kelly v. Kelly, supra; Ducote v. Stark, La.App., 87 So.2d 770.”
After hearing the testimony in the instant case, the trial judge was of the opinion that the dation en paiment was without consideration, therefore, an absolute nullity. He found that the plaintiff’s wife’s parents were sharecroppers and that his wife did not inherit or acquire any funds during the marriage which she could have advanced to plaintiff.
After a careful review of the record, we agree with the trial judge that the plaintiff was never indebted to his wife in the sum of $4;500.00, the consideration set forth in the dation en paiment, or any other money, simply because she never owned any para-phernal funds which she could have turned over to him.
Able counsel for defendants cites in support of his position the case of Dipuma v. Dipuma (La.App., 1 Cir., 1961), 136 So.2d 505. This Court is of the opinion that the Dipuma case, supra, is distinguishable on its facts from the instant case for the reason that in that case the court was dealing with property which had been transferred to a concubine, and the subject matter of dation en paiment was not an issue in that case.
This suit to set aside the 1932 dation en paiment was filed in August of 1962, the *525 plaintiff’s wife having died in 1959. To the suit, the defendants filed pleas of five, ten, and twenty years prescription. However, under LSA-Civil Code Article 3523, “Husbands and wives can not prescribe against each other”, and the plaintiff’s wife did not die until 1959. No issue on appeal is raised that the suit has prescribed.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed,