184 So.2d 279 (1966)
Luella Wall LLOYD, Plaintiff-Appellant,
v.
Archie T. REGISTER et al., Defendant-Appellee.
No. 6575.
Court of Appeal of Louisiana, First Circuit.
February 28, 1966.
Rehearing Denied April 4, 1966.
*280 Miriam T. Attaya, Gonzales, for appellant.
Neal N. Bagwell, White Castle, for appellees.
Before ELLIS, LOTTINGER, LANDRY and BAILES, JJ.
BAILES, Judge.
Subsequent to the marriage of plaintiff, Luella Wall Lloyd and Archie T. Register to each other, the latter purchased forty acres of land located in Ascension Parish. Title to this property is the subject of this action. No children were born of this marriage. Discord existed between the parties culminating in their voluntary separation in February, 1933, with plaintiff remaining in Ascension Parish and the husband, Archie T. Register, removing to Chicago, Illinois, where the parties had lived together at one time. It appears from the testimony of plaintiff that her mother had resided with her for a long time and certainly from 1928 until she died in 1940.
On February 5, 1938, Mrs. Annie Wall, the mother, by deed under private act duly acknowledged, acquired in her name title to the subject land for a stipulated consideration of $250, from Archie T. Register who was still a resident of Chicago, Illinois. Plaintiff-appellant testified that she had no knowledge of this impending transaction until just before the deed arrived from Chicago. The evidence shows that the deed was prepared by a Louisiana attorney, the same attorney who represented plaintiff in her divorce action against Register a few months later. Mrs. Lloyd contends her mother made all of the arrangements for the purchase of this property. Although not shown to be a person of any means, plaintiff testified that her mother arranged to borrow money from a local bank to pay the purchase price, and also was a creditor of Mr. Register to an amount of about $500, representing money loaned to him from time to time.
On June 15, 1938, plaintiff was granted a divorce from her husband, and on June 30, 1938, the plaintiff acquired title to the subject property which her mother had acquired from Register. This deed was prepared by the same Louisiana attorney who prepared the deed from Register to Mrs. Wall.
At the same time the deed from Register to Mrs. Wall was recorded in the conveyance records of Ascension Parish, Mrs. Wall recorded a document containing the following statement:
 "Gonzales, Louisiana
 "February 5, 1938
"This is to acknowledge that whereas I am named as the purchaser of a certain tract of land containing forty and one-half (40½) acres, more or less, in the deed signed by Archie T. Register under date of 5th day of February, 1938, which land is fully described in the said deed, now as a matter of truth and fact the purchase was made by me for the use and benefit of Mrs. Luella Register, who was the real purchaser *281 and who paid the purchase price and title was taken in my name merely for convenience.
 (signed) Annie P. Wall" 
Plaintiff denies any knowledge whatever of this appendage to the deed by which her mother acquired title, although she admitted in her testimony that she drove her mother to the courthouse, went to the door of the office of the Clerk of Court with her, but did not go in because she had business to attend to at the Sheriff's office. Mrs. Lloyd contends the first notice or knowledge she had of the existence of the disclaimer of interest of her mother in said property was when she was advised of the instrument by a prospective mineral lessee and of the could it formed on her title.
Plaintiff brings this action for a declaratory judgment decreeing her the owner of the subject property, free from any defects and/or invalidities. She named her former husband, Archie T. Register, if alive, defendant herein, and if deceased, his heirs. She alleged that Register, if alive, is a non-resident of this state, and if deceased, his heirs are non-resident defendants; that the defendants should have appointed for them a curator ad hoc. A curator ad hoc was appointed and this suit was tried contradictorily with him.
After trial, the lower court found as a fact the mother, Mrs. Annie P. Wall, was a person interposed and the deed from Register to Mrs. Wall was a nullity and of no legal effect. Judgment was rendered rejecting the plaintiff's demands and dismissing her suit. She appeals from this judgment.
The evidence shows Archie T. Register died in the City of Chicago, Illinois in the year 1956. Proof of heirship as between the party defendants was not determined by the trial court because of lack of proof, however, the right to assert any claim as an heir of decedent, Archie T. Register, was reserved to the defendants.
The trial court, as stated, concluded from the evidence before it Mrs. Annie P. Wall was a person interposed, and in truth and in fact the real purchaser of the subject property was the plaintiff-appellant, Mrs. Luella Wall Lloyd; and at the time of this transaction, plaintiff and her husband were voluntarily living separate and apart. The trial court further found this transaction to be a prohibited one between husband and wife reprobated by LSA-C.C. Articles 1780 and 2446.
In her brief, plaintiff assigns fifteen specifications of error, but summarizes them into four points of argument which we will discuss as follows:
1. A purchaser who possesses property in excess of ten years by a just title acquires good and merchantable title to said property.
In support of this argument, plaintiff cites LSA-C.C. Articles 3474, 3481, 3483 and 3484. The very conditions for the application of the ten year acquisitive prescriptive period disqualifies her. These articles require good faith and just title. By just title means a title which the possessor may have received from any person whom he honestly believed to be the real owner.
Under the finding of the trial court that the mother of appellant was a person interposed between the husband and herself, in which finding we thoroughly concur, the appellant could not have acquired a just title from a person whom she honestly believed to be the real owner. In the absence of good faith and just title, the ten year acquisitive prescription has no force here. Appellant cites and we have examined the cases of Barrios v. Legendre, La.App., 127 So.2d 790, Callahan v. Authement, La.App., 99 So.2d 531 and Savoia v. Capello, La.App., 119 So.2d 133. These cases are not apropos to the facts of this instant case.
2. The prohibition of sales between spouses recited in LSA-C.C. Article *282 2446 is grounded on three policy considerations: (1) To prevent a sale between spouses in order to place property beyond the reach of creditors; or (2) To deprive forced heirs of their legitime; or (3) To perpetrate a fraud on a party to the sale. Such a sale is only relatively null and prescribed ten years after the dissolution of the marriage.
Article 2446 read in conjunction with LSA-C.C. Article 1790, clearly shows, except in the three situations set forth in Article 2446, there is a lack of capacity of the parties to contract with each other. Where a contract is entered into between persons who lack the capacity to contract, as stated in Article 1790, it is an absolute nullity not cured or prescribed by the lapse of ten years.
LSA-C.C. Article 12 states:
"Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed."
See Kelly v. Kelly (1913) 131 La. 1024, 60 So. 671, Sonnier v. Fris (1952) 220 La. 1085, 58 So.2d 393, and Smith v. Smith (1960) 239 La. 688, 119 So.2d 827.
In the Smith case, the Supreme Court declared:
"* * * Since contracts between spouses are specifically forbidden by Articles 1790 and 2446 of the Civil Code, save for the three purposes detailed in Article 2446, it follows that any husband and wife who attempt to contract in violation of those restrictions do so in frudem legis. * * *."
3. A warranty deed divest the seller of title, where it is shown that valid consideration were paid to him, and that an exparte document placed on record by his vendee without his knowledge cannot affect his warranty, and his heirs, accepting his succession are likewise bound by his warranty, under the principle of estoppel by warranty.
This argument would perhaps have merit were it not for the particular facts of this case. This was a void transaction from its inception and does not share the dignity of a legitimate contract.
In Sonnier v. Fris, supra, the court said:
"The defendant's plea that the plaintiff is estopped to deny, as a fact, that the acts were entered into with the intention of effecting a division of the community property, has no place in this suit, since whatever is done in contravention of a prohibitory law is void, Article 12, Revised Civil Code, and estoppel by admission cannot be invoked to maintain a state of things created in violation of such law. See Kelly v. Kelly, 131 La. 1024, 60 So. 671, and cases therein cited."
The warranty herein contended for was a part and parcel of the contract entered into in violation of the provisions of the Civil Code quoted supra. The warranty clause of the deed is likewise void. The authorities cited by appellant could be considered in application of this estoppel were this a transaction between parties who could legally contract.
The fourth argument is an extension of the first argument treated supra, and needs no further discussion. This argument is based on the premise of good faith possession which we find absent herein.
For the foregoing reasons, the judgment of the trial court is affirmed, at appellant's costs.
Affirmed.
REID, J., recused.