### A. A. MASSIAS *v.* WILLIAM A. GASQUET and others.

A payment made in error may be recovered back, where such error, though the fault of the plaintiff, has not injured the party to whom the payment was made.

APPEAL from the Commercial Court of New Orleans, *Watts, J.*

*C. M. Conrad* and *Eustis,* for the plaintiff.

*Wharton,* for the appellants.

MORPHY, J. The plaintiff, a paymaster in the United States' army, seeks to recover back from the defendants the sum of $629,50, as having been paid through error, on an account pur-, porting to be the account of one W. Martin, a lieutenant of infantry, for his pay and emoluments from the 1st of October, 1839, to the 30th of June, 1840. It is alleged that the plaintiff informed the agent of the defendants who presented this account, that although it was not yet due, he was willing to pay the same before

its maturity, because he had confidence in the defendants' honor; that he accordingly paid the amount a few days before the 30th of June, 1840, and took a receipt therefor; that shortly after, the plaintiff discovered that the pay of W. Martin had been stopped, and that at the time of the payment he was in possession of a circular notice addressed by the Paymaster General of the army to the paymasters of the several districts, informing them that said Martin had resigned his commission on the 31st of May, 1840, and directing them to make no payment to said Martin after the receipt of the letter; that in point of fact, the government was not indebted to the said Martin in any sum whatever, at the time of the payment made to the defendants, and that as the money was paid in advance, and after the receipt of the circular notice from the Paymaster General, the plaintiff cannot charge the same in his accounts with the government. The petitioner avers that the payment to Gasquet, Parish & Co. was made in error, and under the belief, and with an understanding, express and implied, on their part, that the money should be refunded in the event of the account not being correct, or the payment thereof disallowed by the government. The defendants pleaded the general issue. There was a judgment below in favor of the plaintiff, and this appeal was taken.

The record shows, that on the 21st of October, 1839, W. Martin transferred his pay accounts, for $638,50, to Messrs. Doak & Timms, near Fort Towson; who, in their turn, transferred them to the present defendants, in part payment of a note, and that the amount was credited to the transferrors on defendants' books on the 18th of November following; that, on the 27th of June, 1840, the plaintiff paid the amount in question, and that on the 20th of July he went to the counting-house of defendants, and informed them that he had made the payment in error, as he had since discovered that at the time he made it, he had a circular notice from the department not to pay any money to Martin; and that the defendants refused to refund the amount thus paid to them. There is an admission on record that W. Martin had already received his pay for the time charged in the account, or pay roll, and that no portion of the claim was due to him by the government. Under this state of facts, about which there is no dispute, it is obvi-

ous that the sum sought to be recovered back, has been paid in error. The plaintiff believed that he was discharging a real and legitimate claim against the government. The supposed correctness of the account was the principal cause, or motive, which induced him to pay it. Had he thought of the circular notice in his possession at the time, or had he known that the claim was unfounded, he would, undoubtedly, have refused to pay the account. He was, therefore, acting in error. Every payment presupposes a debt; and whatever has been paid without being due, can be recovered back. Civil Code, arts. 2129, 2280. The existence of the debt was moreover impliedly guarantied by the defendants. They are under the same obligation to refund, as if, instead of receiving payment of their claim, they had transferred it for a valuable consideration, and were now sued for reimbursement, on the ground that the debt transferred had no existence. Civil Code, arts. 2616, 2279. It has been urged, that as the plaintiff himself committed the error, by forgetting the circular notice in his possession, he should suffer the loss. This would appear reasonable enough, had it been shown that this act or fault of his had injured the defendants, by inducing them to forego some acquired right, or had in any way changed their position; but such is not the case. They had, long before received this claim, in payment from Doak and Timms. When, on the 28th of July, 1840, they were informed of the error, and of the invalidity of the claim, they stood in the same situation as if no such error had been committed. They could have exercised their recourse against their assignors, Doak and Timms, in the same manner as if they had regularly presented the account for payment on the 30th of June, 1840, and had then been told that it could not be paid by reason of the circular received, and the non-existence of any claim. In the absence of any evidence on the subject, it would be unreasonable to assume that the short delay of twenty days, which intervened before the discovery of the plaintiff's mistake, lessened or impaired in any way, the recourse of the defendants against their transferrors, Doak and Timms.

*Judgment affirmed.*