## VOLUME 145

# CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1918
AND
AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1919

(81 South. 734)

No. 22019.

CAREY v. COMMONWEALTH BUILDING & LOAN ASS'N.

(March 31, 1919. Rehearing Denied May 5, 1919.)

*(Syllabus by Editorial Staff.)*

1. PAYMENT ☞85(6)—To MORTGAGEE—MISTAKE OF FACT—RECOVERY.

Where the attorney of a mortgagee building and loan association after destruction of the property by fire assured the owner that the insurance on the premises was good, so that the owner paid the association, in part satisfaction of the mortgage debt, foreclosure proceedings having been begun, most of the proceeds of insurance on his household goods, the owner could not recover his payment from the mortgagee association on account of his ignorance of the fact, due to his neglect to read the policy on the premises, that it stipulated it should be void if foreclosure proceedings had been begun.

145 La.—1

2. PAYMENT ☞84(5)—To MORTGAGEE—MISTAKE OF LAW—RECOVERY.

In view of Civ. Code, art. 1846, subds. 1, 6, if the owner of premises read the fire policy thereon, and discovered it stipulated the insurance should be void if foreclosure proceedings were begun, yet did not know the effect of the stipulation, his ignorance was ignorance of law, and he cannot recover an amount paid the attorney of the building and loan association, holding mortgage on the premises, against which it had begun foreclosure proceedings before their destruction, because he relied on the attorney's representation the policy was good, so that its proceeds could be applied on the mortgage debt.

3. LIMITATION OF ACTIONS ☞30, 55(5)—PRESCRIPTION—ACTION OF TORT—ACCRUAL OF RIGHT OF ACTION.

Action by owner of premises against the mortgagee building and loan association for damages on account of the fault of. the association's attorney in advising the owner, after fire destroying the building on the premises, that insurance on the premises was in force and would be collected, the policy in fact having become void because of institution of foreclosure

2

proceedings, or on account of the attorney's fault in neglecting to have the insurance kept in force, etc., *held* an action for damages ex delicto, and governed by the prescription of one year, which began to run when the premises were destroyed by fire, at which time the default and negligence were complete and the damage done.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Walter T. Carey against the Commonwealth Building & Loan Association. From a judgment for plaintiff, the liquidators .of defendant company appeal. Judgment annulled, and plaintiff's demands rejected, and his suit dismissed.

U. Marinoni, Jr., and F. Rivers Richardson, both of New Orleans, for appellants.

P. M. Milner, of New Orleans, for appellee.

O'NIELL, J. The defendant in this suit foreclosed a mortgage on plaintiff's residence for $3,900 and accrued interest. The act of mortgage contained the following stipulation, viz.:

"The purchaser has agreed to keep the buildings and improvements now standing or hereafter to be erected on the said property constantly insured against loss by fire in some good and solvent insurance company in this parish up to their full value and until the payment in full of the aforesaid note, making the loss covered by said policy payable to the vendor herein as its interests may appear, and to deliver said policy of insurance unto the vendor or assigns; in default whereof, the purchaser has empowered the said association or assigns to cause said insurance to be made at the expense of said purchaser for an amount not exceeding the amount of the aforesaid note."

The mortgagor, Carey, had complied with the stipulation by having the building insured for $4,500 for three years, and by delivering the policy to the building and loan association, with a rider making any loss that might be ascertained to be due the assured payable to the holder of the mortgage note as the interest of the holder might appear.

Immediately after seizing the property,

that is, 42 days before the date on which it was to be sold, the sheriff, pursuant to his custom, wrote a letter to the attorney for the building and loan association (Thomas D. Flynn) asking whether he desired that the property be insured. The attorney replied that it would not be necessary for the sheriff to have the property insured.

Two days before the date on which the property was to be sold by the sheriff, the residence was destroyed by fire.

The term of the policy of insurance had not expired, but, being a standard policy contract, it contained the stipulation that it would become void if, with knowledge of the insured, foreclosure proceedings should be commenced or notice given of the sale of any property covered by the policy by virtue of any mortgage or trust deed.

It appears that Thomas D. Flynn, attorney for the building and loan association, did not know that the commencement of foreclosure proceedings rendered the policy void. When Carey called upon him soon after the fire occurred to inquire about the insurance, Flynn assured Carey that the policy was in force, and that he (Flynn) would collect the insurance and apply it to the debt due the building and loan association.

Carey also had insurance to the amount of $2,000 on his household effects, which were destroyed by the fire, and for which he collected $1,961.25, according to the adjustment of the loss. Acting upon Flynn's assurance that he would collect the insurance on the residence and stop the foreclosure proceedings, Carey paid Flynn, for account of the building and loan association, $1,861.25 (retaining $100) of the proceeds of the insurance on the household effects. It appears that Flynn then agreed, in consideration of the partial payment on the mortgage debt, that he would stay the foreclosure proceedings pending an adjustment of the loss on the residence; and the proceedings were stayed.

The building and loan association and Carey jointly brought suit against the insurance company to recover on the policy of insurance on the residence; but their demand was rejected and their suit dismissed, because of the stipulation in the policy that the commencement of foreclosure proceedings annulled the policy. Thereafter the foreclosure was proceeded with, and the land on which the residence had stood was adjudicated to the building and loan association for $2,000, which was retained in part satisfaction of the balance due on the mortgage note.

The demand of the plaintiff in this suit is that defendant return the $1,861.25, as having been paid in error and on the misrepresentations of defendant's attorney, and that defendant return the land acquired by the foreclosure proceedings, or, in the alternative, pay plaintiff the $2,000 for which it was adjudicated to defendant. The allegation on which the demand for the $1,861.25 is based is, in substance, that, acting through its attorney, defendant collected the $1,861.25 by misrepresentation and fraud, the misrepresentation being the attorney's assurance that he would collect the insurance on the residence, apply the proceeds to the payment of the mortgage note, and thus put an end to the foreclosure proceedings. The allegation on which is based the alternative demand for either the return of the property or payment of the $2,000 for which it was adjudicated to defendant is, in substance, that defendant's attorney, Flynn, was guilty of negligence in failing to have the insurance on the property seized maintained in force, or to have the property reinsured, or to notify plaintiff of the sheriff's request so as to give plaintiff an opportunity to have the insurance kept in force or to have the property reinsured.

It appears that the name of the defendant corporation was afterwards changed to the Prudential Savings & Homestead Society, and that thereafter the corporation went into liquidation.

Among other defenses, the liquidating commissioners pleaded that plaintiff's petition disclosed no cause of action, because of the admission that the $1,861.25 was paid in part satisfaction of a debt due by plaintiff, and that, if plaintiff ever had a cause of action, it was barred by the prescription of one year, being in reality a demand for damages for alleged negligence; that is, the neglect of defendant's attorney to keep the property insured.

The district court gave judgment in favor of plaintiff for the $1,861.25, but rejected his demand for the return of the property or payment of the $2,000 for which it was adjudicated to the defendant. The liquidators of the defendant company prosecute this appeal; and plaintiff, answering the appeal, prays that the judgment be amended so as to require defendant to return the property or pay the $2,000 for which it was adjudicated to defendant.

The evidence shows that plaintiff, relying upon the assurance of defendant's attorney, believed, when he paid the $1,861.25, that the insurance on his residence was in force and would be collected; and it is likely, as he says, that he would not have made the payment on account of his debt if he had not thought the balance would be paid with the avails of the supposed insurance. But from the evidence it appears that Flynn did not know that the commencement of the foreclosure proceedings had annulled the policy of insurance. It appears that his opinion was that he could collect the insurance, notwithstanding the property had been seized before the fire; and what he told plaintiff was, as far as the evidence goes, merely his erroneous, though honest, opinion. Plaintiff, probably knowing little or nothing about the stipulations of the policy contract, was convinced by Flynn's statement that the insurance

could and would be collected. It is not alleged or contended that Flynn pretended that the property had been reinsured, or that the insurance company had waived the stipulation that a commencement of foreclosure proceedings would annul the policy contract. The only allegation or proof, in that respect, is that Flynn assured plaintiff that the insurance was in force and would be collected.

Testifying in his own behalf, plaintiff was asked, on cross-examination, "Is it not a fact that you made that payment voluntarily, to relieve yourself of the interest charges?" And he replied, "I voluntarily gave him that money, but I did not know there was a flaw in the policy." What he referred to as "a flaw in the policy" was the stipulation by which the commencement of foreclosure proceedings had annulled the policy. If he did not know that there was such a stipulation in the policy, his ignorance was due to his neglect to read the contract. If he did read it, and yet "did not know there was a flaw in the policy," as he expressed it, his ignorance was ignorance of law, not of fact.

[1, 2] Defendant is not answerable for plaintiff's ignorance of fact, due to his own neglect to read his policy contract. And it is well settled that a person cannot recover what he has paid, though in ignorance of law, in response to a natural obligation. R. C. C. art. 1846, Nos. 1, 6. In this case, the payment was made in response to a perfect obligation, which would not yet have been satisfied if the erroneous legal opinion entertained by plaintiff had been a correct opinion of the law.

[3] In so far as the action is founded upon the fault of defendant's attorney, Flynn, in advising plaintiff that the insurance was in force and would be collected, or in neglecting to have the insurance kept in force, or in neglecting to notify plaintiff of the sheriff's demand, so as to give plaintiff an opportunity to keep the property insured if he could during the seizure, the suit is clearly an action for damages ex delicto. It is true plaintiff does not, in terms, ask for damages. But his demand for a return of the $1,861.25 is founded upon his contention that defendant's attorney, Flynn, was at fault in advising that the insurance was in force and would be collected; and his alternative demand for a return of the property or for payment of the $2,000 for which it was adjudicated to defendant is founded upon plaintiff's contention that his debt to defendant would have been paid and extinguished by the avails of the fire insurance if defendant's attorney, Flynn, had not been negligent in that respect. It is not contended that defendant was under a contract obligation to keep the property insured, or to notify plaintiff of the sheriff's request to be informed whether it should be reinsured. The case rests entirely upon plaintiff's claim of a credit of $4,500, not that defendant collected the $4,500, but that defendant owed plaintiff $4,500 damages for the negligence and fault of defendant's attorney, Flynn, in respect to the insurance.

The alleged fault and negligence were complete, and the damage was done when the house was destroyed by fire. This suit was not filed until more than a year, in fact nearly three years, after the fire had occurred. The suit being in fact, though not in form, an action for damages arising ex delicto, is barred by the prescription of one year.

The judgment appealed from is annulled, and plaintiff's demands are rejected, and his suit is dismissed at his cost.