(88 South. 118)

No. 24398.

In re LAND DEVELOPMENT CO.

(Feb. 28, 1921. Rehearing Denied April 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Courts** ⊜⟿487(7) — **No jurisdiction in Supreme Court in absence of order of appellate court transferring case.**

The Supreme Court will not assume jurisdiction over a case in the absence of an order in the record of the Court of Appeal transferring the case.

2. **Appeal and error** ⊜⟿361(1)—**Appeal to be taken by petition subsequent to term.**

An appeal subsequent to the term of court in which judgment was rendered should be taken by petition.

3. **Appeal and error** ⊜⟿46—**Courts** ⊜⟿224(10) —**Appellate courts have not jurisdiction of appeal from money judgment for $55.25.**

Neither the Court of Appeal for the parish of Orleans nor the Supreme Court have jurisdiction of an appeal from money judgment for $55.25.

Provosty and O'Niell, JJ., dissenting.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Walter T. Carey against the Commonwealth Building & Loan Association, with intervention by its successor, the Prudential Savings & Homestead Association, wherein the Land Development Company prayed for possession of certain property. From a decree that injunction proceedings taken out by plaintiff be dismissed, Walter T. Carey and P. M. Milner appeal. Appeal dismissed.

P. M. Milner, of New Orleans, for appellants.

F. R. Richardson and U. Marinani, Jr., both of New Orleans, for appellees liquidators of Prudential Savings & Homestead Ass'n.

Theo. Cotonio, of New Orleans, for appellee Land Development Co.

On Motion to Dismiss Appeal.

SOMMERVILLE, J. This matter was finally disposed of on its merits in the case of Carey v. Commonwealth Building & Loan Ass'n, 145 La. 1, 81 South. 734, and that judgment has become final and has been executed.

The Land Development Company of Louisiana sued out a writ of possession which was tried and judgment was rendered in favor of the liquidators of the Prudential Savings and Homestead Society, third opponents and interveners, and in that same judgment it was decreed that the injunction proceedings taken out by Walter T. Carey, the original plaintiff in the cause, be dismissed at his costs. Walter T. Carey appealed devolutively from the judgment setting aside the writ of injunction taken by him to the Court of Appeal for the parish of Orleans.

[1] And it is this appeal which is said to be before us for review, having been transferred by the Court of Appeal to this court, although there is no order transferring the case to be found in the record. It is only on such an order that this court could assume jurisdiction over the case; and, as there is no such order, this court is without jurisdiction.

Counsel for plaintiff and defendant both say that such an order was issued; but its terms are not given and we are left to infer what the Court of Appeal did in the matter.

The transfer of a case from the Court of Appeal to this court should be a very simple matter; but counsel for appellee has suggested many irregularities in his motion to dismiss this appeal going to its dismissal.

[2] We observe that, after the record was apparently returned to the civil district court from the Court of Appeal, Purnell M. Milner, surety on the injunction bond of Carey, filed a motion in the district court on December 3, 1920, for a devolutive appeal from this same judgment of February 16,

1920, signed February 25, 1920, and had it made returnable to this court; and that is really the transcript which is filed here and is now before us. It is the only order giving this court jurisdiction of the case. As December 3 was subsequent to the term of court to that in which the judgment was rendered, the appeal should have been taken by petition and plaintiff cited to answer thereto. As this was not done, and, it is suggested by appellee, the appeal was irregularly taken, it is not before us, except to be dismissed.

The appeal taken by Carey from the above judgment was clearly taken from that part of the judgment which declared him to be liable for certain costs of court. He was not aggrieved or affected by the judgment against the Land Development Company. The judgment as to those parties was fully executed before Carey took his appeal. The only matter in contest was the amount of costs which Carey was condemned to pay. Counsel for Carey and Milner say on their brief:

"The suit of the Land Development Company was wrong ab initio, founded on an absolutely null and void tax title, which the court decreed, which judgment the Land Development Company has accepted and carried out."

And again:

"When Carey lost his suit (145 La. 1, 81 South. 734), his injunction should technically be dismissed; but under no circumstances did the lower court intend that Carey should pay the costs of the wrongful possession suit of the Land Development Company. Carey's suit should technically be dismissed, but he should pay his own costs, and the Land Development Company should pay its costs." "The judgment as to the Land Development Company is res judicata, final, and absolute, and its tax sale was ab initio null and void." "Nothing is necessary to decide this case but the petition for possession, the petitions for injunction, the judgment of February 16, 1920, annulling the tax sale, which judgment the Land Development has acquiesced in."

And, again, in their letter of instructions to the clerk of the civil district court to make up this transcript counsel for appellant say:

"This appeal * * * is merely an appeal to correct the judgment as to costs; the defendant in injunction having acquiesced in the judgment in favor of the Prudential Savings & Homestead Society annulling its tax title."

Thus it is quite clear that the only matters in contest are the costs of court charged to Carey. Counsel for appellant again say on their brief:

"The judgment against W. T. Carey and P. M. Milner is for $55.25."

And this court is without jurisdiction in the matter.

Such, evidently, was the opinion of Carey and his counsel when Carey took his appeal to the Court of Appeal from the judgment above noticed.

[3] Subsequent to the above judgment the appellee filed a rule to tax costs, which was decided April 30, 1920, and signed May 3, 1920, fixing the amount at $55.25 against Carey and his bondsman. On the same day that the judgment was signed Carey and Milner took a suspensive appeal from the judgment returnable to the Court of Appeal for the parish of Orleans. The Court of Appeal had no jurisdiction over that amount, and the appeal should have been dismissed. Whether it was transferred to this court or not does not appear from the record. The only money judgment in the case is for $55.25, rendered against Carey and Milner, and this court is without jurisdiction of the case.

It is therefore ordered that the motion to dismiss the appeal in this case be granted, and the appeals are dismissed.

DAWKINS, J., concurs in the decree.

PROVOSTY and O'NIELL, JJ., dissent.