No. 2447

Second Circuit

———

W. P. BROWN & SONS LUMBER
COMPANY, INC., v. EXCHANGE
NATIONAL BANK

———

(March 14, 1928.   Opinion and Decree.)

———

*(Syllabus by the Editor.)*

1. Louisiana Digest—Payment—Par. 28;
   Error and Mistake—Par. 16, 17.
Where one pays through an error more
   than he owes, the one to whom he has
   paid it is obliged to return it.

Appeal from the First Judicial District
Court, Parish of Caddo.  Hon. T. F. Bell,
Judge.

Action by W. P. Brown & Sons Lumber
Company, Inc., against Exchange National
Bank.

There was judgment for plaintiff and
defendant appealed.

Judgment affirmed.

L. Percy Garrot, of Shreveport, attorney
for plaintiff, appellee.

C. H. Lyons, of Shreveport, attorney for
defendant, appellant.

ODOM, J.   Plaintiff brings this suit to
recover of defendant the sum of $931.35,
which, it alleges, was paid in error.

The defendant bank admitted, in answer,
that it had received said amount from
plaintiff, but denied that said sum was paid
through error, and set up that the amount,
when received, was properly credited on
plaintiff's indebtedness to it.

There was judgment in the lower court
for plaintiff as prayed for.

Defendant reconvened for $605.64, and
the court allowed its claim for $350.54.

Defendant appealed.

OPINION.

The transaction out of which this con-
troversy arose took place in 1923.

The plaintiff is a lumber dealer with
its domicile in Louisville, Kentucky.

A. O. Davis was at that time and prior
thereto engaged in the sawmill business at
or near Shreveport, Louisiana.

Davis sold lumber to plaintiff in car
lots.  When a car was loaded with lumber
it was shipped to plaintiff by rail.  Davis
made an invoice for each car shipped,
showing the amount, grade and price of
the lumber in each car, with a descrip-
tion and number of each car.

Davis had an arrangement with the de-
fendant, Exchange National Bank, by which
the bank was to extend him a line of
credit, not exceeding $20,000.00.  As col-
lateral for such advances, he deposited or
pledged to the defendant bank said in-
voices, which were sent by the bank to the
plaintiff for acceptance.  When the in-
voices were received from the bank, plain-
tiff accepted and returned them to it, and
when the bill for the lumber was due,
plaintiff remitted therefor to the bank
direct and the bank, in turn, credited Davis'
account with the amount of the remit-
tance and delivered to him the cancelled
invoice and acceptance.

It seems, however, that not all the in-
voices for lumber sold by Davis to plaintiff
were handled by the defendant bank, but

that some of them were handled by the City Savings Bank & Trust Company of Shreveport under a similar arrangement with Davis.

On May 11, 1923, plaintiff remitted to the defendant bank by check the sum of $2,206.39 to pay for six cars of lumber which it had received from Davis. At the time this remittance was made, plaintiff was under the erroneous impression that the defendant bank held its acceptances for each of the six cars of lumber which the remittance was intended to cover; but it later developed that the City Savings Bank & Trust Company of Shreveport held plaintiff's acceptance for three of the six cars of lumber, as follows: car "MR&BT, No. 2880, for $329.50; car "RI", No. 87538, for $318.11, and car "Mo.P", No. 7235, for $283.74, on a total amount of $931.35.

This is the amount which plaintiff sues to recover as paid through error.

Plaintiff's remittance of $2,206.39 of date May 11, 1923, to defendant bank, was intended to cover the amount of the above invoices and acceptances, which plaintiff thought were held by defendant, and also the following, which were in fact held by said bank: car "MK&T", No. 75125, for $403.57; car "MK&T", No. 38271, for $349.03, and car "Mo.P", No. 80379, for $567.46; making a total for the cars of $2,251.41, which amount, it seems, was subject to a discount of $45.02, leaving the balance due for the six cars of $2,206.39, the amount remitted.

Some five months after this remittance was made, the City Savings Bank & Trust Company, not having received settlement for the three cars of lumber for which it held plaintiff's acceptances, made demand on plaintiff for a settlement. It was then, and not until then, that plaintiff discovered that it had remitted to the defendant,

Exchange National Bank, for three cars of lumber for which it held no acceptances.

As the City Savings Bank & Trust Company of Shreveport held plaintiff's acceptances for these three cars, amounting to $931.35, plaintiff paid to said bank that amount.

It is therefore clear that plaintiff has twice paid for these three cars of lumber, once to defendant and once to the City Savings Bank & Trust Company of Shreveport.

It is clear also that the defendant bank held no acceptances for these three cars of lumber.

There was propounded to the defendant bank the following interrogatory:

"At the time of the remittance involved in this case, did you hold assignments covering the claim of A. O. Davis against the plaintiff for the purchase price of the cars of lumber numbered MR&BT 2080, RI 87538, and MOP 7235?"

And the defendant answered:

"Defendant is unable to answer 'yes' or 'no' to this question, for the reason it handled a great number of such matters for A. O. Davis and does not have any record of the same by which it could ascertain whether or not it had the particular assignment covering the lumber shipped in the cars described herein; however, it does not believe that it had an assignment covering these particular cars."

Not holding acceptances for these cars of lumber, the defendant received from plaintiff and appropriated $931.35 which was not intended for it, and plaintiff contends that it should be allowed to recover that amount as paid through error.

Plaintiff's error in making this payment was this: its bookkeeper was instructed to remit for six cars of lumber purchased from Davis. He took from the files six

acceptances. He saw that the one on top was due the defendant bank and, without going through the batch, he assumed that the others were due that bank also. He made out the check to cover the amount for all six. The check was forwarded to the defendant bank. But it happened that defendant bank did not hold plaintiff's acceptances for all six cars, three of the acceptances which the remittance covered being held by the City Savings Bank & Trust Company of Shreveport.

When the defendant bank had its attention called to the fact that plaintiff's remittance of May 11, 1923, amounting to $2,206.35 covered three cars of lumber amounting to $931.35, for which it held no acceptances, and was asked to return that amount to plaintiff, defendant wrote plaintiff several letters, all of the same tenor, to this effect, as stated in its letter of November 12, 1923.

"You seem to labor under the impression that we do not have invoices against you to the amount of the draft you sent us. This is not correct. We do have invoices against you that exhausted very near the whole draft, and therefore, I cannot see what difference it would be to you, for if we paid the City Savings Bank & Trust Co. for the three loads in question, you would be owing us for invoices that were paid out of the remittance, as Mr. Davis tells us that the invoices that we held at that time were genuine, and that you owed us for the invoices that were charged out."

The record shows beyond question that at the time said remittance of May 11, 1923, was made by plaintiff, the defendant did hold plaintiff's acceptances for more than the amount of the remittance, and assuming that plaintiff got credit for the remittance on acceptances which it owed defendant, the bank's position was well founded, in equity, at least, for, as stated by the defendant, what difference would it make to plaintiff whether it paid what was

due defendant out of that remittance or paid later.

The bank's position, from an equitable standpoint, at least, would be good if, as a matter of fact, the defendant bank had given plaintiff credit for the remittance on other acceptances which it held against plaintiff. But that is not true.

We have spent considerable time and labor checking and rechecking all the figures submitted by both sides and as a result find that plaintiff and the defendant by remittances, aside from the one of May 11, 1923, for each and every car of lumber for which defendant held plaintiff's acceptances, except three, and those three were paid out of the remittance of May 11, 1923. That remittance covered six cars, three held by defendant and three by the City Savings Bank & Trust Company of Shreveport.

In other words, plaintiff has paid to defendant $931.35 more than it ever owed defendant on acceptances.

Plaintiff's testimony shows, and it is not disputed, that it purchased, in all, twenty-eight cars of lumber from A. O. Davis, for which the defendant bank held its acceptances. The initials and number of each car are given together with the amount due for each. It filed in evidence remittance sheets showing specifically the payment it made for each car and the date of payment.

The total of all its remittances to defendant bank, including the one of May 11, 1923, for $2,206.35, is $931.35 more than it was due for all the twenty-eight cars for which defendant held acceptances.

Defendant's position, therefore, that plaintiff's remittance of May 11, 1923, was used to pay invoices due by plaintiff which were not otherwise paid, is not borne out

by the facts. Defendant's testimony, when the figures are checked, does not help its case.

The following interrogatory was propounded by plaintiff to the defendant bank:

"What assignments, if any, were held by the Exchange National Bank, said assignments covering claim of A. O. Davis against plaintiff, for lumber sold at the time that the remittance involved in this case was made, giving a description of said assignments, and the amount of each assignment?"

The bank answered:

| Car | Number | Amount |
|---|---|---|
| MK&T | 75125 | $403.57 |
| MK&T | 84528 | 345.12 |
| MK&T | 38271 | 349.03 |
| M.P. | 80379 | 567.46 |
| L&N | 96075 | 300.66 |
| S.P. | 233669 | 569.92 |
| NYC | 50054 | 436.77 |
| T&P | 14118 | 398.53 |
| S.P. | 17457 | 499.64 |
| W.P. | 16865 | 410.59 |
| NYC | 201016 | 419.08 |
| AT&SF | 42418 | 350.97 |

and invoices in following amounts, car numbers not being shown:

$415.18
316.71
324.35
385.22
322.08

According to the remittance sheets filed by plaintiff, the first, third and fourth cars above mentioned, were paid for out of the remittance of May 11, 1923. The total for these three cars is $1320.06. There were certain deductions made; the net amount taken from the remittance of $2,206.39 leaves the amount of $931.35 which is involved in this suit.

The second of the above cars was paid

for April 27th, the fifth, May 18th, the sixth, June 9th, the seventh, June 4th, the eighth, June 27th, the ninth, June 27th, the tenth, June 27th, the eleventh, June 16th, and the twelfth, June 27th.

Of the last five invoices, the bank said it had no car numbers. By checking the records, we find that these were cars M&StL 19290, Southern 150351, CB&Q 112081, C&NW 124084, I&GN 5209.

These latter cars were paid for by plaintiff as follows: The first on June 27th, the second on July 3rd, the third on July 7th, the fourth on July 19th, and the fifth on August 1st.

It is thus shown that the identical cars for which defendant held plaintiff's acceptances at the time of the remittance of May 11, 1923, and which defendant claims were paid out of the remittance of that date, were in fact paid for by plaintiff by other remittances.

The remittance sheets show that all these amounts were sent to the defendant bank.

Having reached the above conclusion, it is not necessary to discuss the other points raised by counsel.

The amount which plaintiff seeks to recover was paid to defendant through error, and defendant is obliged to return it.

There is no dispute as to the amount the lower court allowed defendant on its reconventional demand.

The judgment appealed from is affirmed with costs.