## METROPOLITAN LIFE INS. CO. v. MUNDY.

### No. 1590.

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

Harvey E. Ellis & Frank B. Ellis, of Covington, and Spencer, Gidiere, Phelps & Dunbar and Wood Brown, all of New Orleans, for appellant.

Charles J. Mundy, in pro. per., and Edward M. Estalote, both of New Orleans, for appellee.

COOLEY, Judge.

Plaintiff insurance company seeks to recover $250 from the defendant for a payment by mistake or, in the alternative, because of fraud by the defendant. The lower court rejected the demand, and plaintiff has appealed. As this is one of a series of suits growing out of the same subject-matter, the record is entirely out of proportion to the issues involved, but the pertinent facts are as follows:

The defendant, an attorney at law, opened the succession of a deceased negro, Albert Bibbins, in the parish of Jefferson. His client, Lidia Harris, being appointed administratrix. The assets of the succession consisted of two life insurance policies in plaintiff company, payable to the estate of the deceased. Plaintiff insurance company paid to the administratrix the amount of these policies and in the final account of the succession in the parish of Jefferson the defendant, from these proceeds, was paid a fee of $250. An appeal was taken by creditors from the ho-

mol4ogation of the final account, and on this appeal the entire succession proceedings in Jefferson parish were declared null and void by the Court of Appeal of Orleans for want of jurisdiction in the Jefferson parish district court. See Succession of Bibbins, 152 So. 592.

Meanwhile, the public administrator for Orleans parish had opened the succession of Albert Bibbins in the district court of that parish and demanded payment from the plaintiff to that succession. This plaintiff refused, having already paid in Jefferson parish. The public administrator sued and obtained judgment against plaintiff for the proceeds of the same insurance policies. This judgment was affirmed on appeal by the Orleans Court of Appeal. See Succession of Bibbins, 157 So. 139.

The plaintiff insurance company was, therefore, compelled to pay twice upon these policies and it is now seeking in this suit to recover from the defendant a part of the amount it paid to the void succession in Jefferson parish, the same being the attorney's fee the defendant received in that succession.

■The defendant below filed exceptions of nonjoiner and of no right or cause of action. These exceptions were either overruled or disregarded by the lower court, and since the appellee has not answered the appeal herein, the same will be considered as abandoned. Likewise, the plea of prescription filed in the lower court having been overruled below, and the appellee having failed to answer the appeal or to refile the plea in this court, the same must now, also, be considered as having been abandoned.

On the merits it becomes essential to consider the plaintiff's position when it made the erroneous payment to the Jefferson parish succession, for upon that depends primarily whether or not it can recover here. It is established that before this payment was made, plaintiff had been notified by other attorneys that there were other claimants to the proceeds of the policies and that, likewise, before this payment to the Jefferson parish succession, the notary appointed to take the inventory in the Orleans succession notified plaintiff of his appointment for that purpose. Thus showing that the plaintiff knew, or should have known, that there was another succession in another parish bearing an entirely different docket number from the Jefferson parish succession.

Under these circumstances, the Court of Appeal, Orleans, found that this first payment to the Jefferson parish succession resulted from the failure of plaintiff to notice that there were two successions and other claimants, and held that because of such carelessness the plaintiff would have to again pay the amount to the public administrator of Orleans.

Upon these same facts it now becomes necessary for us to decide here if the plaintiff can recover from the defendant a part of this first payment upon the ground of payment in error or unjust enrichment and, also, upon the ground of a fraud practiced by the defendant upon the plaintiff.

The lower court held that the plaintiff could not recover because of its own bad faith and want of the exercise of proper care and caution in making the payment to the Jefferson parish succession.

■ Plaintiff on appeal contends that the lower court erred in applying the equitable maxim that he who comes into court must come with clean hands, and says that any bad faith attributable to the plaintiff was only technical, meaning carelessness or lack of due diligence and not at all in a fraudulent sense. We feel that it is unnecessary to go into this question since, in our opinion, one who pays by mistake cannot recover where such mistake is caused entirely by his own carelessness or want of due diligence, which is the situation here.

■ Had plaintiff in this case exercised the usual ordinary care of a reasonably prudent person, it would never have made the payment to the Jefferson parish succession, since it knew, or should have known by the facts brought to its knowledge that there were two entirely different successions and, also, two different sets of claimants to the money.

Therefore, we must conclude that it was entirely plaintiff's own fault when it made the payment to a void succession without any investigation whatever. Having this knowledge, it became plaintiff's plain duty to, at least, investigate and discover which succession was the proper one to receive payment or, as the court below points out, it could have escaped even this responsibility by depositing the proceeds in the registry of the court, as permitted by Act No. 123 of 1922.

It has already been decided by the Supreme Court that there cannot be a recovery for a mistake of that character. In the case of Carey v. Commonwealth Building & Loan Ass'n, 145 La. 1, on page 7, 81 So. 734, 736, the court said: "Defendant is not answerable for plaintiff's ignorance of fact, due to his own neglect to read his policy contract." So in this case the defendant is not answerable for plaintiff's own neglect in failing to properly investigate the matter before it made the payment. The mistake intended by the Civil Code, art. 2301, et seq., is the honest or unavoidable mistake that the usual prudent individual might make under certain circumstances, and not the mistake which is entirely the result of his own gross carelessness.

Plaintiff cites the case of Massias v. Gasquet, 4 Rob. 137, but there the court held that the defendant had impliedly guaranteed the existence of the debt upon which the erroneous payment was made, which was not the case in Carey v. Commonwealth Bldg. & Loan Ass'n, supra, nor in the suit now before us. If this Massias Case is authority to the effect that recovery can be had even if the mistake be due entirely to carelessness, we must consider that the same has now been overruled by the Carey Case.

Plaintiff, also, contends that it is entitled to recover from the defendant on the ground of fraud practiced by the defendant upon the plaintiff. We agree that it was not necessary for the plaintiff to allege fraud specifically. If the facts alleged in the petition established fraud, that is sufficient.

However, it is essential for the plaintiff to prove that the payment was made as a direct result of the fraud practiced by the defendant. If one is to recover on the ground of fraud, he must show that his loss occurred because he acted upon the fraudulent representations of the other party.

Here the plaintiff made the payment because of its own carelessness, and not at all upon defendant's representations. It is impossible to believe that if the plaintiff had noticed that there were two entirely different successions, it would have made the payment upon defendant's assurances, no matter how persuasive the same might have been. So even supposing that defendant's actions were fraudulent, it is clear that the plaintiff did not act upon them in any way and, therefore, could not recover on the ground of fraud.

The judgment appealed from is affirmed, with costs.

OTT, J., recused.