CHASEZ, Judge.
Marvin Corporation sued Esther Stein for the sum of $400.00, with interest from judicial demand, alleging that said sum was erroneously paid defendant as a finder’s fee or commission in a real estate transaction. From a judgment of the First City Coürt of the City of New Orleans in favor of plaintiff. The defendant has taken this appeal.
The defendant, Esther Stein, states that she is engaged in realty operations and deals in mortgages on property. The plaintiff, Marvin Corporation, makes mortgage loans to individuals for personal use and construction purposes. In due course of her business, the defendant brought to the plaintiff’s attention the fact that the Reverend Philip Jackson desired to borrow the sum of $4,400.00 and to secure the payment of same by a mortgage on property located at 716-18-20-22 Market Street in the City of New Orleans, said loan to be used for the purpose of repairing a church, pay off the existing mortgage on the premises and all costs incident to the loan; the defendant, after consultation with plaintiff, and plaintiff’s agreement to make said loan exacted *57 as her commission, which is described as a “finder’s fee” the sum of $400.00. The record discloses that all preparations were made by counsel representing the parties and October 13, 1961, was set as the day for the passage of the act of mortgage; due to the inability of some of the parties to be present on that date, the time for the passage of the act was then set for October 14, 1961, this date being a legal holiday.
Information as to the exact amount of money due and owing by the proposed borrower, Reverend Philip Jackson, was not available to the parties on October 14, 1961. However, everyone was aware that the statement made to the plaintiff herein by the defendant at the time the loan was sought was confirmed by Reverend Philip Jackson to the plaintiff on October 14, 1961, i. e., that a vendor’s mortgage in favor of David Palmer would not exceed the sum of $400.00. All parties being satisfied with the correctness and truthfulness of this statement, they proceeded to execute the mortgage and the notary involved withheld the sum of $448.-10 for the purpose of paying the balance due Palmer on the vendor’s mortgage, agreeing to remit any overplus to Reverend Jackson. All parties were aware of the fact that the 14th day of October, 1961, was a legal holiday and that banking facilities and the facilities of public offices for certificates, etc., were not available to them on that date. However, after the transaction was concluded, the plaintiff herein, through one of its officers, Herman Jeffer, handed to the defendant, Esther Stein, a check for $400.00, representing her finder’s fee or commission, which the said Esther Stein negotiated on the same day with Mintz Furniture, Inc. On the 16th day of October, 1961, two days after the passage of the act of mortgage, it was ascertained by the parties that the amount due and owing by the Reverend Philip Jackson on the vendor’s mortgage referred to was in truth and fact $2,986.00 instead of being less than the sum of $400.00. The plaintiff immediately took the matter up with the Reverend Jackson and his contractor and after a discussion of the matter it was agreed that the entire transaction would be cancelled and, accordingly, the mortgage was cancelled, the note was can-celled and payment was stopped on all checks issued as a result of the transaction. When the plaintiff ascertained that the defendant, Esther Stein, had negotiated the check given for the finder’s fee or commission with Mintz Furniture, Inc., and upon advice that said corporation was the holder of said check in good faith and in due course it withdrew the stop-payment order and Mintz Furniture, Inc., was paid the amount of the check.
The court is of the opinion that the judgment of the First City Court against defendant, Esther Stein, is correct and should be affirmed.
Esther Stein represented to the plaintiff that the Reverend Philip Jackson was her client and together with Reverend Jackson and his contractor gave to the plaintiff all of the information it sought regarding the preparation of the loan and the terms of payment and exacted from the plaintiff herein the $400.00 finder’s fee or commission; she was aware of the fact that the Reverend Jackson had stated that the only amount due and owing to the vendor mortgage holder, David Palmer, was less than the sum of $400.00; she, herself relying on this information given to her by Reverend Jackson, advised the plaintiff of this fact. Being a dealer in real estate and in mortgages, the defendant was aware, or should have been aware, of the fact that had she procured the correct information as to the balance due on said vendor’s mortgage, i. e., a sum in excess of $2,900.00, the plaintiff would not have agreed to the mortgage loan sought. The record discloses that on the basis of a $400.00 indebtedness on the vendor’s lien mortgage, Reverend Jackson was required to sign a note of $8,640.00. Add to this the difference of $2,500.00 in the amount of said vendor’s mortgage loan and it appears that the mortgage would have had to be in excess of $11,000.00 a figure which the interested parties apparently felt could not be handled in this matter, and the *58 entire transaction was cancelled. Under the circumstances, there was no finder’s fee or commission earned by Esther Stein, primarily as a result of the misinformation regarding the amount due by Reverend Philip Jackson on the vendor’s mortgage held by Palmer which was furnished by defendant and Reverend Jackson to the plaintiff and the notary at the execution of the act of mortgage and plaintiff is entitled to recover from defendant the amount erroneously paid her as a commission in this matter. See Articles 1821, 1823 and 1825 of the LSA-Civil Code. The Court finds the authorities cited by defendant, i. e., Carey v. Commonwealth Building & Loan Ass’n, 145 La. 1, 81 So. 734; Metropolitan Life Insurance Company v. Mundy, La.App., 167 So. 894 and Pennsylvania Casualty Company v. Brooks, La.App., 24 So.2d 262, do not apply here. Accordingly, the judgment of the First City Court in favor of plaintiff and against defendant is affirmed. All costs in both courts to be paid by defendant.
Affirmed.