SARTAIN, Judge.
This is an appeal from a judgment for $6,310.80 plus legal interest from date of a demand letter, for money allegedly paid by plaintiff, through error and mistake, to defendant’s bank.
The facts are not disputed. During the period of time pertinent to this case, the defendant owned a certain royalty interest in oil produced from wells located on a tract of land in Beauregard Parish and the plaintiff purchased this oil. Prior to February 15, 1961, plaintiff was obligated and did correctly pay to defendant his prorata share of the royalty derived from the sale of oil produced which was subject *896 to defendant’s royalty interest. By an assignment dated February 7, 1961 and mailed to plaintiff on February IS, 1961, defendant and his wife assigned unto the Gulf National Bank of Lake Charles their “portion of the proceeds derived from oil wells” situated on the Beauregard Parish tract of land. The assignment instructed and directed parties, obligated to defendant and his wife by virtue- of the latter’s ownership of the mineral interest described therein, to pay all sums becoming due directly to the bank to be applied by the latter as payment on a certain promissory note executed by defendant and his wife on February 7, 1961 in the principal sum of $13,729.00. Pursuant to this assignment, plaintiff, utilizing its IBM system of issuing checks, correctly issued its checks to the bank for royalty proceeds due defendant as the result of plaintiff’s purchase of oil. Defendant’s IBM account number was 354781. Sometime prior to July of 1963, plaintiff placed its Gulf Oil Corporation account on the IBM system of issuing checks but through error assigned Gulf Oil Corporation number 354781 which had been previously assigned to defendant. Thus, the checks totaling $6,310.80 for royalties due Gulf Oil Corporation for oil produced during the months of July through December, 1963 and purchased by plaintiff were issued in the name of:
“GULF NATIONAL BANK ACC HORACE & G JONES LAKE CHARLES, LOUISIANA”
After discovering its error, plaintiff paid the $6,310.80 properly due to the Gulf Oil Corporation. In response to plaintiff’s letter to defendant demanding reimbursement for the $6,310.80 paid in error, defendant stated he had tried “to make arrangements concerning same, but without success.” Defendant then offered to assign his interest in wells located in Allen and Beauregard Parishes or grant a deed to his interest in land located in Beaumont, Texas. In concluding his response, defendant asked for plaintiff’s help in working something out.
After defendant filed his answer in the form of a general denial, plaintiff filed a motion for a summary judgment and attached thereto an affidavit of Robert A. McDonald, a supervisor in plaintiff’s accounting division, reciting the foregoing facts and incorporating by reference the letter of demand from plaintiff to defendant and the latter’s response. Defendant then filed an exception based on the one year prescriptive period found in Article 3536 of the Revised Civil Code of Louisiana. The trial judge overruled the exception based on prescription and rendered judgment for plaintiff as prayed for.
On appeal defendant urges that the trial court erred in overruling the exception of prescription and that restitution is not enforceable where plaintiff makes a payment to another through error or mistake of the prayer.
We will first consider the question of prescription. In his brief defendant concedes that the ten-year prescriptive period contained in Article 3544, Revised Civil Code, applies to the quasi-contractual obligation of restitution. Article 2301, Revised Civil Code; Smith v. Phillips, 175 La. 198, 143 So. 47. Defendant urges, however, that plaintiff, by virtue of the character of its petition and concluding prayer, has waived rights it may have had in a quasi-contract of restitution under Revised Civil Code Article 2301 in favor of rights in tort under Revised Civil Code Article 2324, the latter being governed by the one year prescriptive period urged by defendant, citing Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 and Morgan’s La. & T. R. & S. S. Co. v. Stewart, 119 La. 392, 44 So. 138.
The petition and prayer of plaintiff herein do not evidence a waiver of quasi-contractual rights in favor of rights in tort. The three paragraph petition alleges in essence: (1) The defendant is indebted *897 unto plaintiff for the sum of $6,310.80 plus legal interest from February 19, 1964 and costs; (2) “Through error and mistake, plaintiff inadvertently mailed to defendant in care of Gulf National Bank in Lake Charles, Louisiana, the following checks ***”.**♦ “these checks were deposited in defendant’s account at the Gulf National Bank”; (3) “By letter dated February 19, 1964, plaintiff made formal demand on defendant for said amount, but without avail.” The prayer asks for judgment in the above sum “together with legal interest thereon from February 19, 1964 and for all costs of this suit.”
The Importsales case is inapposite as it concerned a suit to recover the amounts due plaintiff according to five invoices attached to the petition (representing plaintiff’s cost plus a profit) for merchandise delivered to defendant as agent for plaintiff in making sales on a commission basis. Although the petition alleged defendant’s failure to return the goods, plaintiff prayed for a judgment for the total sum of the invoices and not the return of the goods or the proceeds of their sale if they had been sold. Obviously, plaintiff had elected to sue in tort for the petition and the prayer included an element of damage in tort, namely, profit.
The Stewart case, supra, supports plaintiff’s position herein. There the plaintiff alleged, inter alia, the defendant obtained money under false pretenses and forgery and the court in deciding the action was on a quasi-contractual basis, stated:
“The plaintiff in this suit is not seeking damages from the defendant. It is suing for the recovery of the precise amount of money belonging to it which it alleges was unduly received by the defendant.”
* * * * * *
■“The tendency of the courts is to construe the action as one on an implied contract when necessary to support the remedy.”
The Stewart opinion quotes with approval the following portion of the opinion in Elwell v. Martin, 32 Vt. 217:
“He simply brings assumpsit instead of trespass or trover, and thereby foregoes the advantage he would have if he sued tortwise to claim higher or exemplary damages, and to proceed against the person of the defendant.”
In essence, defendant relies solely upon the fact that plaintiff prays for a money judgment with interest rather than restoration of his property. Money is the property received in error by defendant and, of necessity, a money judgment is plaintiff’s sole remedy. Defendant assigns considerable importance to plaintiff’s prayer for legal interest from the date formal demand was made for the return of the money paid in error. Interest on money received in error is recoverable from the date the money was received. Smith v. Phillips, supra. Generally, interest on a recovery in tort is recoverable from the date of judicial demand.
Plaintiff has not prayed for interest from date of judicial demand or date on which the money was received and therefore, this item has no bearing on the form of action alleged. Accordingly, we hold that plaintiff has properly alleged a cause of action based on the quasi-contractual obligation of restitution. Code of Civil Procedure Article 865.
' As his other basis for seeking a reversal, defendant relies upon Pennsylvania Casualty Co. v. Brooks, La.App., 24 So.2d 262, wherein it was held that an insurance company will not be allowed to recover money paid to a third person by mistake for and on behalf of a defendant on the supposition of an obligation which did not exist. In addition, defendant cites Zurich Insurance Co. v. Grain Dealers Mutual Insurance Co., La.App., 169 So.2d 6; Metropolitan Life Insurance Co. v. Mundy, *898 La.App., 167 So. 894; Carey v. Commonwealth Building and Loan Association, 145 La. 1, 81 So. 734; Great American Indemnity Co. v. Dauzat, La.App., 157 So.2d 308. The three latter cases are clearly inapplicable to defendant’s position before this court
The Brooks case sustained an exception of no cause of action filed in defense to an action by a liability insurer against its former insured to recover money erroneously paid to a third party. In the case before us, payments were made to the Gulf National Bank where they were applied to plaintiff’s note in favor of the bank but this was done under the direction of defendant. We cannot say the Brooks case is controlling for there the insurance company of its own accord settled a claim on behalf of the defendant apparently absent of any conclusive proof the defendant was legally obligated to the party who received the money. If plaintiff in the Brooks case had been allowed to recover on the basis of Revised Civil Code Article 2301, it is entirely possible the defendant would have been forced to pay damages for which he was not legally obligated to pay the third person.
Defendant also urges the holding in Byrne v. Hibernia National Bank, 31 La. Ann. 81, as a bar to plaintiff’s recovery without placing defendant in the same position he occupied prior to the overpayment. Our jurisprudence interpreting Revised Civil Code Article 2301 has never placed such a requirement upon the payor. The Byrne case did not concern with the right to recover money paid in error. Moreover, the record herein is barren of any evidence as to damages sustained by the defendant nor the benefit which would accrue to defendant were this requirement imposed.
We deem the following excerpt from the opinion in Central Surety & Insurance Corp. v. Corbello, La.App., 74 So.2d 341, 344, appropriate herein:
“The defendant has admittedly received a large sum of money which, as we have found, was not due him. There is nothing in the record which would tend to show that he was injured or damaged, in any way as the result of receiving the money. Under these circumstances we do not think he should be allowed to capitalize upon and be enriched by the error made by the plaintiff.”
For the foregoing reasons, the judgment appealed is affirmed at defendant’s costs.
Affirmed.